259 So.2d 846

**Darrell G. HONEYCUTT, alias**

v.

**STATE.**

**3 Div. 93.**

Court of Criminal Appeals of Alabama.

Jan. 25, 1972.

Rehearing Denied Feb. 29, 1972.

Smith, Bowman, Thagard, Crook & Culpepper, Montgomery, for appellant.

William J. Baxley, Atty. Gen., and John A. Yung, IV, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

This is an appeal from a judgment of conviction for the offense of possession of marijuana. Punishment was fixed at two years in the penitentiary.

The judgment entry recites that on September 29, 1970, defendant was arraigned, entered a plea of not guilty and the cause set for trial November 20, 1970.

A further entry, dated November 30, 1970, recites that the cause being before the court on that date, the court, before accepting the defendant's plea of guilty, proceeded to ascertain that the guilty plea was intelligently made and that the defendant understood his rights and privileges against self incrimination, right to trial by jury, the consequences of the plea, etc.

The judgment continues:

"This day came the State by its Solicitor and came also the defendant in his own proper person and by attorney, and the said defendant having heretofore been duly arraigned upon the indictment for his plea thereto pleaded not guilty. And this being the date set for the trial of this cause, the defendant in open court withdraws his plea of not guilty and pleads guilty as charged in the indictment."

A further judgment entry dated December 14, 1970, recites:

"This day the defendant being now in open court and it appearing to the court that the said defendant was duly convicted of said offense on a former day of this term and the said defendant being asked by the court if he had anything to say why the sentence of the **law** should not now be pronounced upon him, says nothing."

Whereupon the court pronounced sentence.

It is well settled that the recitals in the judgment import absolute verity, *unless contradicted by other portions of the record.* Ex parte Tanner, 219 Ala. 7, 121 So. 423; Burton v. State, 40 Ala.App. 146, 109 So.2d 311; Haun v. State, 44 Ala.App. 585, 217 So.2d 249.

In Neal v. State, 257 Ala. 496, 59 So.2d 797, it was held that the recitals in the judgment would not have controlling effect over facts indicated by the record

In the instant case the judgment is contradicted in several instances by the court reporter's certified transcript which is by statute made a part of the record. Title 7, §§ 827(1), 827(1b), Code of Alabama, 1940.

The judgment entry recites that the defendant was arraigned and plead not guilty on September 29, 1970.

The court reporter certifies the following as being all that transpired on September 29, 1970:

"PROCEEDINGS ON ARRAIGNMENT, TUESDAY,

SEPTEMBER 29, 1970

"MR. CROSLAND: The next case, Your Honor, is Number 5784, Darrell G. Honeycutt.

"THE COURT: Mr. Smith, is this your case?

"MR. SMITH: Yes, sir.

"THE COURT: Do you waive the reading of the indictment?

"MR. SMITH: Yes, sir. Judge, we would like an opportunity to file—

"THE COURT: Two weeks. Case set for November 20th. It is set for November 20th and you have two weeks in which to plead to the Indictment. Next case."

The transcript shows that the following occurred on November 20th, the day to which the cause was continued:

"PROCEEDINGS ON CALL OF CRIMINAL COURT DOCKET

FRIDAY, NOVEMBER 20, 1970

"MR. GOODWYN: The next case on the Docket, Judge, is Case No. 5784, Darrell G. Honeycutt. Is Darrell G. Honeycutt in Court? This is one of Maury Smith's cases and he is out of town and he wanted the case continued until December 1st at which time he is pleading guilty and requesting probation.

"THE CLERK: Continued until December 1st?

"MR. GOODWYN: Yes, sir.

"THE COURT: All right. Next case."

The record does not indicate that anything transpired in the cause on December 1st, nor does it show the reason for its being heard on November 30th instead of December 1st. It does not contain a record of the proceedings on November 30th, therefore, we find no contradiction of the judgment recitals to the effect that defendant "having heretofore been duly arraigned upon the indictment for his plea thereto pleaded not guilty."

While the judgment entry of December 14, 1970, recites that before sentencing the defendant was asked by the court if he had anything to say why sentence should not be

pronounced, the record shows the following:

"PROCEEDINGS ON SENTENCING, MONDAY,

DECEMBER 14, 1970

"MR. HARRIS: The next case on the Docket is Case Number 5784, Darrell G. Honeycutt.

"THE CLERK: Honeycutt, how old are you?

"THE DEFENDANT: Nineteen.

"THE COURT: You have been charged with the selling of marijuana and that is a five year minimum.

"MR. SMITH: No, sir.

"THE COURT: Selling of marijuana. Selling has not been changed, has it? It is just the possession of it. That's the reason I was explaining. I certainly do not feel that you are deserving of five years imprisonment in the penitentiary and so I am going to find you guilty of possession of marijuana which carries a minimum sentence of two years imprisonment in the penitentiary and you are hereby sentenced to two years imprisonment in the penitentiary and probation is hereby denied. As with some other young men that came before me this morning, a letter will be sent to the parole authorities asking they give you early consideration because I hope that you will learn your lesson here once and for all. All right. Next case."

■ The judgment entry of November 30, 1970, states as a conclusion that the defendant waived his privilege against self incrimination his right to trial by jury; his right to confront his accusers and that he had a full understanding of what the guilty plea connotes and its consequence. It is our opinion that to preserve a record adequate for any future review as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, the judge's inquiries

together with the defendant's responses thereto should appear in the record.

We also point out that the judgment entry of December 14, 1970, does not affirmatively show that defendant's counsel was present at the sentencing. Shellnut v. State, 43 Ala.App. 298, 189 So.2d 587, cert. denied, 280 Ala. 28, 189 So.2d 587.

Reversed and remanded.