263 So.2d 178

**In re Randall WALCOTT**

**v.**

**STATE of Alabama.**

**Ex parte STATE of Alabama ex rel. ATTORNEY GENERAL.**

**6 Div. 934.**

Supreme Court of Alabama.

April 6, 1972.

William J. Baxley, Atty. Gen., and Samuel L. Adams, Asst. Atty. Gen., for the State, petitioner.

No brief for respondent.

HEFLIN, Chief Justice.

Petition of the State of Alabama for writ of certiorari to the Court of Criminal Appeals to review and revise the judgment of remandment in Walcott v. State of Alabama, 48 Ala.App. ——, 263 So.2d 177 (1971), is denied.

The petitioner (State of Alabama) contends since the trial court's judgment en-

try recited that the plea of guilty was free, voluntary and intelligently made, the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, are met. Therefore, the case should not have been remanded. This Court agrees with the rule of the Court of Criminal Appeals that the record must affirmatively show the colloquy between the court and the defendant wherein the defendant is shown to have full understanding of what the plea of guilty connotes and its consequences. See Cooper v. State, 47 Ala.App. 178, 252 So. 2d 104, cert. denied, 287 Ala. 728, 252 So. 2d 108. In denying the writ of certiorari in Cooper v. State, supra, this Court made an expression that this Court did not wish to be understood as approving or disapproving all of the language contained in the opinion of that case in the Court of Criminal Appeals. However, the questionable language to which such referred is not pertinent to the issue of whether the record must contain the colloquy between the court and the defendant.

Writ denied.

LAWSON, MERRILL, HARWOOD and MADDOX, JJ., concur.