or innocence. The State presented sufficient evidence upon which the jury could base its verdict."

The State's case was not the strongest that has come to this Court through the years. But where there is legal evidence from which the jury can by fair inference find the defendant guilty, this Court has no right to disturb the verdict. Whether there is such evidence is a question of law, its weight and probative value is for the jury. Bolton v. State, 21 Ala.App. 373, 108 So. 631.

This case is due to be and is affirmed.

Affirmed.

All the Judges concur.

No brief for appellant.

No brief for appellee.

ALMON, Judge.

The appellant pled guilty to an indictment charging burglary in the second degree and was sentenced to two years at hard labor for Dallas County.

The record does not show any colloquy between the judge and the defendant to show compliance with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274.

On authority of Honeycutt v. State, 47 Ala.App. 640, 259 So.2d 846, and Walcott v. State, 288 Ala. 546, 263 So.2d 178, the judgment appealed from must be reversed and the cause remanded.

Reversed and remanded

All the Judges concur.

270 So.2d 693

**Clinton IRBY**

**v.**

**STATE.**

**2 Div. 91.**

Court of Criminal Appeals of Alabama.

Dec. 5, 1972.

270 So.2d 812

**Cleo Lucille ADAY**

**v.**

**Buford W. ADAY.**

**Civ. 46.**

Court of Civil Appeals of Alabama.

Dec. 20, 1972.