278 So.2d 775

**Donnie Earl MILES**

v.

**STATE.**

**4 Div. 211.**

Court of Criminal Appeals of Alabama.

May 29, 1973.

Kelly, Knowles & Lee, Geneva, for appellant.

**328**

No brief for the State.

ALMON, Judge.

Donnie Earl Miles was indicted by a Geneva County Grand Jury on October 2, 1972, for murder in the first degree. On August 11, 1972, he withdrew his plea of not guilty and not guilty by reason of insanity and pled guilty to murder in the second degree. His punishment was fixed at thirty years imprisonment in the penitentiary.

■ The record fails to show that appellant was properly advised by the court of the effect of his guilty plea and of its consequences. When a guilty plea is entered, there is a waiver of several federal constitutional rights; to-wit, the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers. A waiver of these rights will not be presumed from a silent record. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274.

■ Therefore, on authority of *Boykin* supra; Honeycutt v. State, 47 Ala.App. 640, 259 So.2d 846; and Walcott v. State, 288 Ala. 546, 263 So.2d 178, the judgment of guilty must be reversed and the cause remanded.

The appellant further argues that the trial court erroneously overruled his plea of misnomer. On September 20, 1972, a verified plea in abatement was filed which alleged, among other things, that:

> "Said indictment, and each count thereof, charges Donnie Earl Miles with the commission of a criminal offense and does not charge this defendant, Donald Earl Miles, with the commission of any offense."

■ This plea of misnomer was filed subsequent to the plea of not guilty and ordinarily would be considered untimely. Ward v. State, 242 Ala. 307, 6 So.2d 394. However, without objection, the trial judge purportedly assumed jurisdiction by setting the matter for hearing and subsequently entered an order overruling the entire plea in abatement which included the ground alleging misnomer. We are not informed from the record whether there was an agreement to permit the appellant to file special pleas after a plea in bar or whether the trial judge discretionally permitted them to be so filed.

■ The plea of misnomer set out above is not in proper form because it does not allege that appellant has never been known as or called by the name of "Donnie Earl Miles." Asberry v. State, 24 Ala. App. 375, 135 So. 605; Washington v. State, 68 Ala. 85; Tit. 15, § 288(4), Code of Alabama, 1940, recompiled 1958. However, the State failed to demur or file a replication to the plea. Moreover, at the hearing on the plea in abatement there was no proof whatsoever with regard to the specific ground asserting misnomer. In the absence of some responsive pleading by the State, we cannot determine whether a question of law or a question of fact would have been presented. Ordinarily, pleas of this nature tender questions of fact which should, after issue is joined, be submitted to a jury. Of course, this could not have occurred since the appellant pled guilty without the intervention of a jury, and a guilty plea is an admission that appellant was indicted by his true name. However, since we are reversing the judgment because of an improper guilty plea, the status of the cause on remand would be in contemplation of law as though the guilty plea had never been entered.

In Carter v. State, 21 Ala.App. 406, 108 So. 642, the appellant filed a plea of misnomer in proper form. The cause proceeded to judgment. The court held as follows:

> " . . . It will therefore be seen that the defendant's plea of misnomer

was in form and properly before the court, to be disposed of as in such cases made and provided. The trial judge did not do this, but without motion, demurrer, or issue joined, overruled the defendant's plea. This is shown by the judgment and was error to reversal."

 We do not consider the trial judge's action in this instance was error in view of the appellant's plea of guilty. However, with the record in this posture, we are of the opinion that the trial court should on remand require the State to respond (by way of motion, demurrer, answer, etc.) to the plea and the court should rule accordingly.

Reversed and remanded.

All the judges concur.