297 So.2d 169

**Ruby COOPER, alias**

v.

**STATE.**

**6 Div. 541–543.**

Court of Criminal Appeals of Alabama.

Dec. 11, 1973.

Rehearing Denied Jan. 15, 1974.

Parker, Wilkinson & Purvis, Birmingham, for appellant.

William J. Baxley, Atty. Gen., and George W. Royer, Jr., Asst. Atty. Gen., for the State.

HARRIS, Judge.

Three separate indictments were returned by a grand jury of Jefferson County charging appellant, inter alia, with unlawfully possessing 9.68 milligrams of heroin, and with unlawfully selling, furnishing or giving away 50.39 and 98.9 milligrams, respectively, of heroin, a narcotic drug, to a named vendee, contrary to and in violation of the provisions of Act No. 1407 of the 1971 Regular Session of the Alabama Legislature, otherwise known as the Alabama Uniform Control Substances Act, and further alleged that each offense took place subsequent to September 15, 1971 (the effective date of said Act).

The true bills were filed in open court on July 14, 1972, and copies of the indictments were served upon appellant on the 28th day of July 1972. On the latter date appellant, attended by counsel of her choice, was arraigned upon each indictment and interposed a plea of not guilty. The cases were set for trial on September 6 and passed to November 14, 1972.

On November 15, 1972, the cases were called for trial. On this date the court furnished appellant and her counsel the following document designated "Court's Exhibit A" in each case:

"This Copy for Court File.

"STATE OF ALABAMA   COURT'S EXHIBIT A
VS   IN THE CIRCUIT COURT
RUBY COOPER   OF THE TENTH
Defendant   JUDICIAL CIRCUIT
   OF ALABAMA

"CASE NO. 25527, 25528 & 25529

"TO THE ABOVE NAMED DEFENDANT:

"This is to inform you of your rights as a defendant in this criminal case. Under

the indictment returned against you in this case by the Grand Jury of Jefferson County, Alabama, you are charged with the crime of Violation Uniform Alabama Controlled Substance Act which is a felony offense. In the event you plead guilty said crime, or if the jury finds that you are guilty of said crime, the law provides for punishment by imprisonment in the penitentiary for not less than 2 years nor more than 15 years for such offense.

"Under the constitutions of the United States and of the State of Alabama you have a right or privilege not to be compelled to give evidence against yourself. In the trial of your case before the jury, you have the right to take the witness stand and to testify on your own behalf, if you so desire, but no one can require you to so testify. If you testify, you can be cross-examined by the state. If you do not testify, no one can even comment to the jury as to your failure to testify. You have the right to remain absolutely silent, but anything that you voluntarily say, with knowledge of your rights, may be used against you. Your conversations with your attorney are confidential and cannot, and will not, be disclosed by your attorney.

"You have the right to stand on your plea of not guilty, and the right to a public trial before a duly selected jury. In a jury trial, the jury would determine whether you are guilty or whether you are innocent, based upon the evidence in the case.

"In the trial of your case your attorney could subpoena witnesses on your behalf, make legal objections to matters that he felt were objectionable, cross-examine the witnesses of the state, examine your own witnesses, and argue the matter before the jury. He would be bound to do everything that he could honorably and reasonably do to see that you obtain a fair and impartial trial. You have the right to have witnesses subpoenaed to testify as to pertinent facts in your favor.

"In the trial of your case you will come into court clothed with a presumption that you are not guilty and this presumption of innocence will follow you throughout the course of the trial until the evidence produced by the state convinces each juror beyond a reasonable doubt of your guilt. The burden of proof is upon the State of Alabama to convince each and every juror from the evidence in the case that you are guilty beyond a reasonable doubt before the jury would be authorized to find you guilty. If the state does not meet such burden of proof, it will be the jury's duty to find you not guilty. You will have no burden of proof whatsoever in your trial.

"To the charges set forth in the indictment you have the right to enter a plea of guilty, not guilty, not guilty by reason of insanity or any other special plea. You will enter a plea of guilty only if you are actually guilty of said crime and if you do not desire a jury trial. If you plead guilty there will be no jury trial, as has been heretofore explained to you.

"Your attorney will go over these rights with you, but if you have any questions about any of them, please ask the undersigned judge and he will be happy to make further explanation thereof to you.

"This the 15 day of Nov. 1972.

"K. J. Griffith /s/ _____
Circuit Judge of Tenth Judicial Circuit of Alabama

"Comes the defendant in the above-styled cause and states to the court that he has read, or has had read to him, the matters and things hereinabove set forth; that his attorney has thoroughly gone over said matters and things with him and that he, the defendant, thoroughly understands them; that he is not under the influence of any drugs, medicines or alcoholic beverages and has not been threatened or abused or offered any inducement or reward to get him to plead guilty. Defendant further states

to the court that he is guilty as charged, in this case, and desires to plead guilty.

"This the 15 day of Nov. 1972.

"Ruby Cooper /s/
Defendant

"Comes the attorney for the above-styled defendant and certifies that the above and foregoing rights were read by the defendant in my presence, or were read to him by me, that I discussed such rights with the defendant, in detail, and that a written copy of the above rights was given to the defendant for him to keep, use and study.

"This the 15 day of Nov. 1972.

"Robt. R. Bryan /s/
Attorney for Defendant

"Filed in Office this 15th day of Nov. 1972.

"Julian Swift /s/
Circuit Clerk"

In 6 Div. 541, the judgment entry recites:

"JUDGMENT ENTRY # 25527

| "THE STATE<br>VS<br>RUBY COOPER alias<br>MRS. SAMUEL COOPER | Indictment for Violating Uniform Alabama Control Substances Act<br>Honorable K. J. Griffith, Special Judge Presiding |
|---|---|

"This the 15th day of November, 1972, came Earl C. Morgan, District Attorney, who prosecutes for the State of Alabama, and also came the defendant in her own proper person and by attorney, Robert Bryan, and the defendant withdraws her plea of not guilty heretofore entered in this cause, waives a jury trial and· pleads guilty to Violating Alabama Uniform Control Substance Act, as charged in the indictment, and on recommendation of the District Attorney, punishment is fixed at two years imprisonment in the penitentiary.

"The said defendant being now in open Court, and being asked by the Court if she had anything to say why the judgment of the Court and sentence of the Law should not now be pronounced upon her, says 'No Sir'. It is therefore considered by the Court, and it is the judgment of the Court that said defendant is guilty of Violating Alabama Uniform Control Substance Act, as charged in said indictment, and it is the judgment of the Court and sentence of the Law that the defendant, the said Ruby Cooper alias Mrs. Samuel Cooper, be imprisoned in the Penitentiary of the State of Alabama for a term of two years.

"It is further considered by the Court that the State of Alabama have and recover of the said defendant the costs in this behalf expended, including the costs of feeding the defendant while in jail.

"The said defendant now making application for probation in this cause, it is ordered by the Court that this case be and the same is hereby referred to the State Probation Officer for investigation and report to this Court on January 5, 1973.

"This the 5th day of January, 1973, this cause having previously been referred to the State Probation Officer for investigation, and the report of his investigation having been made to and considered by the Court, it is ordered by the Court that probation be and the same is hereby denied the defendant in this cause.

"This the 15th day of January, 1973, it is ordered by the Court that the order of January 5, 1973, be and the same is hereby set aside and defendant ordered released from custody and reinstated on the original bond and a new probation hearing is set for February 12, 1973, and passed to March 19, 1973.

"This the 19th day of March, 1973, this cause having been referred to the State Probation Officer for investigation, and the report of his investigation having been made to and considered by the Court, it is ordered by the Court that probation be and the same is hereby denied the defendant in this cause.

"This the 30th day of March, 1973, Notice of Appeal being given and it appearing to the Court that, upon the trial of this cause, certain questions of Law were reserved by the defendant for the consideration of the Court of Criminal Appeals of Alabama, it is ordered by the Court that the execution of the sentence in this cause be and the same is hereby suspended until the decision of this cause by said Court of Criminal Appeals of Alabama.

"It is further ordered by the Court that the Appeal Bond in this cause be and the same is hereby fixed at $5000.00, conditioned as required by Law."

In 6 Div. 542 and 543 the judgment entries are identical with the above quoted judgment entry except that appellant was sentenced to three years imprisonment in the penitentiary in each case, making a total of eight years.

The Attorney General filed a motion to consolidate these cases on appeal, alleging:

1. All three of the above cases contain identical issues of law.

2. All of the above cases involve pleas of guilty in which a written waiver of rights form identical to that contained in appendix to Ireland v. State, 47 Ala.App. 65, 250 So.2d 602 (1971) was employed.

We agree with the motion of the Attorney General that the issues are the same and that one opinion will control the disposition of these cases on appeal.

■ Absent from the record is the court reporter's transcription of any colloquy between the trial judge and the defendant. That such colloquy must affirmatively appear of record is mandated by Walcott v.

State, 288 Ala. 546, 263 So.2d 178, wherein the Supreme Court said:

" * * * This Court agrees with the rule of the Court of Criminal Appeals that the record must affirmatively show the colloquy between the court and the defendant wherein the defendant is shown to have full understanding of what the plea of guilty connotes and its consequences. * * * "

This court has reversed numerous cases for failure of trial courts to fully comply with the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L. Ed.2d 274, which decision was rendered on June 2, 1969.[1]

In Honeycutt v. State, 47 Ala.App. 640, 259 So.2d 846, certiorari denied, 288 Ala. 743, 259 So.2d 848, is the first occasion that we took note of *Boykin* in a direct appeal. There we said:

"The judgment entry of November 30, 1970, states as a conclusion that the defendant waived his privilege against self incrimination (and) his right to trial by jury; his right to confront his accusers and that he had a full understanding of what the guilty plea connotes and its consequence. It is our opinion that to preserve a record adequate for any future review as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L. Ed.2d 274, the judge's inquiries together with the defendant's responses thereto should appear in the record."

A few months prior to *Honeycutt* we decided in Ireland v. State, 47 Ala.App. 65, 250 So.2d 602, that a waiver of rights form signed by the trial judge, the defendant and defendant's counsel, was an acceptable alternate to a colloquy between the judge and the prisoner. The guilty plea in *Ireland* was taken six months before *Boykin,*

---

1. Walcott v. State, 48 Ala.App. 754, 263 So. 2d 177; Hawkins v. State, 49 Ala.App. 26, 268 So.2d 492; Congo v. State, 49 Ala.App. 166, 269 So.2d 182, certiorari denied, 289 Ala. 740, 269 So.2d 183, certiorari denied 1973, 414 U.S. 974, 94 S.Ct. 263, 38 L.Ed.2d 217; McGullion v. State, 49 Ala.App. 248, 270 So.2d 680; Irby v. State, 49 Ala.App. 263, 270 So.2d 693; Askew v. State, 49 Ala.App. 444, 272 So.2d 916; many more cases reached us on the record proper and we were forced to remand for non-compliance with *Boykin.*

and *Boykin* was not made retroactive. The *Ireland* form is set out in the appendix to the opinion and is word-for-word like "Court's Exhibit A" in this case. *Ireland* was a coram nobis proceeding.

*Ireland* has been cited with approval by us in at least two cases. See Adams v. State, 49 Ala.App. 749, 268 So.2d 487 and Holsenback v. State, 49 Ala.App. 392, 272 So.2d 600.

*Adams* and *Holsenback* were companion cases and both pled guilty at the same time. There was full compliance with the *Boykin* colloquy but in addition thereto each was furnished printed forms further explaining their constitutional rights. We affirmed on authority of *Ireland*.

■ The so-called *Ireland* waiver form is a useful document as it memorializes what occurred at the guilty plea hearing and we commend its use. But a guilty plea should not rest alone on the execution of a written form. There *must* be a personal interrogation by the trial judge and a record made of the defendant's responses to the judge's inquiries. By personally interrogating the defendant, not only will the judge be better able to ascertain the plea's voluntariness, but he will also develop a more complete record to support his determination in a subsequent post-conviction attack "and forestall[s] the spin-off collateral proceedings that seek to probe murky memories." There is no adequate substitute for demonstrating *in the record at the time the plea is entered* the defendant's understanding of the nature of the charge against him and the consequence the plea connotes. (See Appendix)

■ Some of our decisions in regard to the requisites of the *Boykin* rights are confusing and this confusion led the eminent and distinguished trial judge into error, without any fault whatsoever on his part, in neglecting to personally interrogate the defendant in this case and to record her responses thereto. We regret this. We want to expressly state to the trial courts and the trial bar that our decision today, in the interest of the administration of justice, is prospective only. Stated another way, this decision has no retroactive application.

These cases are reversed and remanded to allow appellant to plead anew.

Reversed and remanded.

All the Judges concur.

## APPENDIX

The following questions are merely suggestions to trial judges as to the inquiries to be posed in such cases. It embodies, among other things, all of the requirements of *Boykin*. The defendant's responses thereto must be recorded by the court reporter.

The Defendant appearing in open Court while attended with his attorney _____, after having been formally and legally arraigned on the indictment in this case now requests the Court to permit him to withdraw his plea of not guilty and enter a plea of guilty to _____ and the Court addresses the Defendant while attended with his Attorney, as follows:

BY THE COURT: Before the Court accepts your plea let me ask you some questions.

Q. Have you had an opportunity to discuss this case with your Attorney?

DEFENDANT'S ANSWER.

Q. Have you explained to your Attorney the facts of this case and what your involvement in this case was?

DEFENDANT'S ANSWER.

Q. Do you understand that you were charged in the indictment with _____?

DEFENDANT'S ANSWER.

Q. Do you understand that punishment for this offense is _____ to _____ years?

## DEFENDANT'S ANSWER.

Q. Do you understand that if you tell me you are guilty today and your plea is accepted that it will be my duty as Judge of this Court, to set your punishment within those limits, that is between _____ and _____ years?

## DEFENDANT'S ANSWER.

Q. Would you like the indictment re-read to you or futher explained to you?

## DEFENDANT'S ANSWER.

Q. Do you understand that you have the right to enter a plea of not guilty and have a jury trial today if you want one?

## DEFENDANT'S ANSWER.

Q. Do you understand in that event, a jury composed twelve citizens from this County would be impaneled to determine your guilt or innocence in this case?

## DEFENDANT'S ANSWER.

Q. And do you also understand that at such trial you would have the right to see, hear, question and confront any witness the State might present against you?

## DEFENDANT'S ANSWER.

Q. And that you would have the right to cross-examine such witnesses?

## DEFENDANT'S ANSWER.

Q. Do you understand that you have the right to call into Court or subpoena into Court any witness you wish to testify in your behalf?

## DEFENDANT'S ANSWER.

Q. And you could testify at your trial, but you would not have to if you choose not to?

## DEFENDANT'S ANSWER.

Q. Do you understand that the lawyer now representing you will represent you throughout the trial and after the trial if necessary, or that you may have another lawyer of your own choice?

## DEFENDANT'S ANSWER.

Q. Do you also understand that you have the right to plead guilty?

## DEFENDANT'S ANSWER.

Q. Do you understand that if you say you are guilty here today and your plea is accepted, that you will be giving up all those rights?

## DEFENDANT'S ANSWER.

Q. Do you understand that if you tell me you are guilty and your plea is accepted that I might not set your sentence until I have had an opportunity to review your past record based on a presentence investigation report prepared by the State Probation and Parole Officer?

## DEFENDANT'S ANSWER.

Q. Has anybody promised to reward you or any member of your family or anybody else to get you to say you are guilty?

## DEFENDANT'S ANSWER.

Q. Has anybody told you that you would receive a lighter sentence, a particular sentence, or probation or any other favor to get you to say you are guilty?

## DEFENDANT'S ANSWER.

Q. Tell the Court how you plead to the indictment or the charge in this case.

## DEFENDANT'S ANSWER.

Q. Tell me what happened in this case. You see, I don't know any of the facts. Just tell me what happened.

## DEFENDANT'S ANSWER.

AND THE COURT ADDRESSED THE DEFENDANT'S ATTORNEY:

Q. Have you conferred with and advised the Defendant concerning the facts of this case and his rights in this case?

## DEFENDANT'S ATTORNEY'S ANSWER.

Q. Do you recommend that the Court accept a plea of guilty by the Defendant?

## DEFENDANT'S ATTORNEY'S ANSWER.