300 So.2d 121

**Willie Lee TWYMAN**

v.

**STATE.**

**7 Div. 256.**

Court of Criminal Appeals of Alabama.

Dec. 11, 1973.

Rehearing Denied Jan. 29, 1974.

PER CURIAM.

Buying, receiving, etc., stolen personal property: sentence, three years in the penitentiary. Code 1940, T. 14, § 338.

A majority of the Court considering that the instant record fails to show compliance with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, as applied in Honeycutt v. State, 47 Ala.App. 640, 259 So.2d 846 and Walcott v. State, 288 Ala. 546, 263 So.2d 178, the judgment below is reversed and the cause remanded.

Reversed and remanded.

ALMON, HARRIS and DeCARLO, JJ., concur.

CATES, P. J., and TYSON, J., dissent.

CATES, Presiding Judge (dissenting):

How can a trial court show compliance with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274?

Compliance rests, if good in this appeal, on a plea of guilty. That plea in turn rests on the appellant's signature to a written statement appended to another written statement signed by the judge. The latter statement is in narrative rather than in question and answer form. Judgment occurred June 1, 1973.

There is, however, in the record no court reporter's transcription of any colloquy between the bench and the accused. See Walcott v. State, 288 Ala. 546, 263 So.2d 178; Honeycutt v. State, 47 Ala.App. 640, 259 So.2d 846; Congo v. State, 49 Ala. App. 166, 269 So.2d 182, cert. den 1973, 414 U.S. 974, 94 S.Ct. 263, 38 L.Ed.2d 217; McGullion v. State, 49 Ala.App. 248, 270 So.2d 680; Irby v. State, 49 Ala.App. 263, 270 So.2d 693; Askew v. State, 49 Ala. App. 444, 272 So.2d 916 and Allen v. State, 50 Ala.App. 310, 278 So.2d 758.

Some of our earlier opinions as to the way of reflecting compliance with Boykin, supra, are not clear. For example, in Hawkins v. State, 49 Ala.App. 26, 268 So. 2d 492, cited Ireland v. State, 47 Ala.App. 65, 250 So.2d 602, as showing an acceptable alternate. However, Ireland was before us on coram nobis, a proceeding wherein the convict has the burden of proof. Since Hawkins, supra, Ireland, supra, has been cited at least twice.

In Holsenback v. State, 49 Ala.App. 392, 272 So.2d 600, the Ireland questionaire was an added reason for affirmance. Adams v. State, 49 Ala.App. 749, 268 So.2d 487, was a companion case to that of Holsenback in that both defendants pled guilty at the same time.

The record in this latter case shows, in addition to Adam's receiving a written explanation of the various Boykin details, that the court reporter transcribed a viva voce colloquy between the judge and the defendant. We quote:

"THEREUPON, the defendant being present in open court, represented by counsel, the following proceedings were had in open court, all in due form of law:

"(Judge gives instrument explaining defendant's rights to the defendant. Defendant and his attorney go over the instrument)

"THE COURT: This Mr. Adams?
"A. Yes, sir.

"THE COURT: I have an instrument here that purports to be signed by you explaining your rights to you. Have these rights been explained to you by your attorney, Mr. Coke Williams?

"A. Yes, sir.

"THE COURT: I understand that you want to change your plea?

"A. Yes, sir.

"THE COURT: So you have any questions?

"A. No, sir.

"THE COURT: Would you like any information from the court?

"A. No, sir.

"THE COURT: The court finds that in these two cases (Judge is speaking to both defendants) that you have freely and voluntarily entered your plea of guilt. * * *"

In the case sub judice there is no transcription of the colloquy between the judge and the defendant except that the minute entry reads in part:

"On this the 1st. day of June 1973, comes the State of Alabama by its District Attorney and comes also the defendant in his own proper person and by his attorney, Otis R. Burton, Jr. and the defendant being arraigned in open court, for answer to the indictment pleads and says that he is guilty in manner and form as charged therein.

"Before accepting defendant's plea of guilt, the defendant being called before the court accopmanied [sic] by his counsel, and the defendant, his counsel and the court having then and there executed "Court's Exhibit A" which said exhibit is hereby incorporated herein and made a part hereof as if fully set forth at length herein, and defendant now stating to the Court that he has read said exhibit or has said exhibit read to him by his counsel and that his counsel has fully explained to him the contents of said exhibit and that he fully understands same and has no questions about same, the court finds that the defendant is represented by competent counsel and that defendant has a full understanding of his plea of guilt, and is intelligently and voluntarily entering his plea of guilt

with a full understanding of the nature of the charge and the consequences of his plea."

In a court of record, those required acts which the record fails to show as having been done are conclusively deemed not to have been done. A minute entry is a skeletonized statement written up by the clerk of court proceedings. In Crist v. State, 21 Ala. 137, we find:

"* * * To make them good, they should show substantially that all was done at the trial which the law requires to be done, and this must be set down in fit and expressive words. No precise combination of them is necessary to the validity of the entry, although it is more comely and appropriate when made with a due regard to form, than when such form is wholly or to a great extent abandoned. * * *"

A plea of guilty, is an in-court confession. Like other oral pleas it must be made personally in open court, at least in felony cases.

I see no reason for disregarding the clerk's certificate in favor of a court reporter's. That the explanation (Exhibit A) was not in question and answer form finds no criticism in Boykin v. Alabama, supra. The Supreme Court noted (395 U. S. p. 239, 89 S.Ct. p. 1710), "So far as the record shows, the judge asked no questions of petitioner concerning his plea, and petitioner did not address the court."

What *Boykin* basically requires is that the record show affirmatively that the judge and prisoner converse to the end that there is a supportable finding of the guilty plea's being intelligent and voluntary. The prosecution should spread on the record the prerequisites of a valid waiver.

Here the minute entry incorporates Exhibit A by reference. Exhibit A contains a full explanation of the prerequisites mandated under *Boykin*. The minute entry, since it therein expressly couples Exhibit A, shows therefore full compliance with

*Boykin.* Compare Bishop, Guilty Pleas in Texas, 24 Baylor Rev. 301 (particularly forms for judge and defendant pp. 336–339) and the form of Petition to Enter Plea of Guilty in f. n. 80 in Erickson, Finality of a Plea of Guilty, 48 Notre Dame Lawyer 835 at pp. 846–848.

A verbatim report is probably more desirable than an attenuated one appended to written advice and acknowledgements.[1] This particularly because of the frequency of post mortem proceedings in Federal courts. However, I do not consider that a verbatim transcript is the sole way of memorializing a proper guilty plea.

On this principle, I would distinguish the instant record from that shown in Cooper v. State, 53 Ala.App. 36, 297 So.2d 169, this day decided. I do not think *Cooper* controls this case. In other words, all that should be necessary is that there be a specific face-to-face in-court conversation between the trial judge and the accused and the colloquy must specifically go into the accused's understanding.[2] However, it is not material as to who is the amanuensis of the conversation, whether court reporter, court clerk, or other impartial witness thereto.

TYSON, J., concurs herein.

1. ABA Standards of Criminal Justice, Pleas of Guilty § 1.7.

