308 So.2d 736

Leon Louis CORNELIUS, alias

v.

STATE.

7 Div. 333, 333A and 333B.

Court of Criminal Appeals of Alabama.

Feb. 18, 1975.

No brief for appellant.

William J. Baxley, Atty. Gen., and Winston T. Lett, Asst. Atty. Gen., for the State.

BOOKOUT, Judge.

Appellant was charged with robbery under three different indictments and on May 3, 1974, entered separate guilty pleas to each. Each appeal is submitted on record proper with no court reporter's transcript.

Each record on appeal shows only an "INFORMATION & INSTRUCTIONS TO DEFENDANT—ON PLEA OF GUILTY—," which appears to be a form which was read to the appellant setting out the information required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L. Ed.2d 274. The form was signed by the trial judge certifying that it was read to appellant, and was signed by both appellant and his attorney as having been read and understood. It is significant that the trial court made no inquiry before a court reporter of the appellant or his attorney as to their understanding of the written instrument and execution thereof as was the case in Twyman v. State, 53 Ala.App. 351, 300 So.2d 121, reversed, 293 Ala. 75, 300 So.2d 124.

The records are completely devoid of any colloquy between the trial judge and the appellant which is necessary to show compliance with *Boykin,* supra. The cases of Walcott v. State, 288 Ala. 546, 263 So. 2d 178; Honeycutt v. Alabama, 47 Ala. App. 640, 259 So.2d 846; and Cooper v. State, 53 Ala.App. 36, 297 So.2d 169, cert. denied 292 Ala. 717, 297 So.2d 175, require that the judgment below on the three instant appeals be reversed and the causes remanded.

Reversed and remanded.

All the Judges concur.