310 So.2d 481

**Charles JARMAN**

**v.**

**STATE.**

**3 Div. 314.**

Court of Criminal Appeals of Alabama.

April 1, 1975.

J. Paul Lowery, Montgomery, for appellant.

No brief from the state.

TYSON, Judge.

Appellant was indicted for the unlawful possession of Marihuana, a misdemeanor. He was arraigned on February 20, 1973, and on this occasion advised the trial court that he wished to enter a plea of guilty in return for nol prossing a companion case.

On this occasion the appellant executed a form, advising him of his rights, as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. This form is signed by the appellant and his attorney under date of February 21, 1973. Thereafter, the appellant's. plea of guilty was accepted on February 26, 1973, and there is a minute entry, solely, indicating compliance with *Boykin,* supra. The appellant was thereafter sentenced on March 30, 1973, to ninety days imprisonment, was fined $100.00, and gave notice of appeal on this occasion.

In Allen v. State, 50 Ala.App. 310, 278 So.2d 758, this court stated:

"The record is devoid of any colloquy between the trial judge and the appellant to show compliance with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L. Ed.2d 274. The record itself or the minute entry must affirmatively reflect the questions asked and answers given at the time of taking the guilty plea. McGullion v. State, 49 Ala.App. 248, 270 So.2d 680. *Boykin,* supra, requires this Court to review this colloquy in its entirety whether the appellant is indigent, or otherwise."

Most recently, this court, in Cornelius v. State, 308 So.2d 736, 1975, Judge Bookout speaking for a unanimous court in dealing with a guilty plea in which a form was read to the appellant, as in the case at bar, indicated:

"The form was signed by the trial judge certifying that it was read to appellant, and was signed by both appellant and his attorney as having been read and understood. It is significant that the trial court made no inquiry before a court reporter of the appellant or his attorney as to their understanding of the written instrument and execution thereof as was the case in Twyman v. State, 53 Ala. App. 351, 300 So.2d 121, reversed, 293 Ala. 75, 300 So.2d 124."

As in *Cornelius,* supra, this record is completely devoid of any colloquy between the trial judge and the appellant and his attorney, which is necessary to show compliance with *Boykin,* supra. The cases of Walcott v. State, 288 Ala. 546, 263 So.2d 178; Honeycutt v. Alabama, 47 Ala.App. 640, 259 So.2d 846; and Cooper v. State, 53 Ala.App. 36, 297 So.2d 169, cert. denied 292 Ala. 717, 297 So.2d 175, require that the judgment below on this appeal be reversed and the cause remanded.

Reversed and remanded.

All the Judges concur.