316 So.2d 701

**John Douglas COLE**

v.

**STATE.**

**8 Div. 675.**

Court of Criminal Appeals of Alabama.

July 29, 1975.

Macon L. Weaver, Huntsville, for appellant.

William J. Baxley, Atty. Gen., and C. Lawson Little, Asst. Atty. Gen., for the State.

HARRIS, Judge.

The Grand Jury of Madison County returned three separate indictments against appellant: (1) grand larceny, (2) burglary in the second degree, and (3) buying, receiving and concealing stolen property. Upon being arraigned on the first indictment, represented by a court-appointed lawyer, he pleaded not guilty. A trial was

had and the jury returned a verdict of guilty. The court duly adjudged him guilty and he was sentenced to five years in the penitentiary.

He applied for probation and his application was denied.

The state produced a witness, James Smith, to prove the allegations and averments of the indictment. Appellant's attorney requested that only the testimony of this witness be transcribed. However, he requested that the proceedings in the other two cases be transcribed and furnished to him so that he could determine if the guilty pleas met the requirements of the law. This was done.

James Smith testified that about 11:30 o'clock on the night of February 13, 1974, appellant came to see him at his sister-in-law's house. He was driving a flat-bed truck and it was either a Chevrolet or G. M.C. This truck had the words "Huntsville Roofing Company" painted on the side of the doors. Appellant asked Smith to come to the back of the truck and showed him some articles lying in the back of the truck and he asked Smith if he wanted to buy some of the articles.

Smith asked appellant where he got the articles and appellant just laughed. Smith told appellant he did not want any of the articles and accused appellant of stealing them. Appellant laughed again and said, "Oh, I borrowed it." Smith told appellant to leave and he left.

Smith further testified that he had bought one or two saber saws and a Black and Decker drill from appellant a day or two previously and paid him $100.00 for the saw.

Later Smith heard that appellant had been arrested for breaking in some places and he carried all the items which he had purchased from appellant to Police Headquarters and gave a statement to the officers. No charge was placed against Smith.

Appellant, after consultation with his attorney, decided to change his not guilty pleas to the other two pending indictments and pleaded guilty thereto. He filed the following request to be allowed to plead guilty:

"REQUEST TO ENTER GUILTY PLEA

| | |
|---|---|
| STATE OF ALABAMA | IN THE CIRCUIT COURT OF |
| VS. | MADISON COUNTY, ALABAMA |
| JOHN DOUGLAS COLE, Defendant | CASE NO. 74–194 |
| | 74–195 |

Comes now the defendant named in the indictment in the above styled case and respectfully represents unto the Court the following:

1. My true name is John Douglas Cole.

2. I am presently represented by my attorney Honorable Macon L. Weaver, who has discussed my case with me at length.

3. I have had enough time to talk to him and I have told him all the facts.

4. I understand that the indictment in this case accuses me of Burglary & GL & BRCSP.

5. My lawyer had explained to me the elements of this offense and I understand.

6. I also understand that the law applicable to such a charge provides that the punishment for that offense is imprisonment in the penitentiary for not less than one year nor more than ten years.

7. I understand that as to each offense charged against me in the indictment I have a right to answer or plea that (a) I am not guilty, (b) I am not guilty by reason of insanity, or (c) I am guilty as charged.

8. I further understand (or my lawyer has explained to me) that if I enter a plea of not guilty to the charges I have the following constitutional rights:

(a) The right to be tried by a jury selected according to law.

(b) The right to face all witnesses or accusers who testify against me and have them cross-examined by my attorney while they testify under oath.

(c) The right to have witnesses subpoenaed to give evidence in my favor and to testify myself or remain silent at my own choosing.

(d) The right to require the State of Alabama to prove my guilt beyond a reasonable doubt and to a moral certainty before I can be adjudged guilty.

9. I further understand that if I advise the Court that I am guilty and enter a plea of guilty that I am surrendering all of the above rights (a) through (d).

10. I further understand that if I plead guilty that the Court can sentence me to the same punishment as if I had been convicted by a jury and further, that the Court may not give me probation even though I ask for it.

11. No one has threatened me or promised me any reward or inducement nor any hurt or harm to me or to anyone I am interested in to get me to plead guilty.

12. I wish to enter my plea of guilty because I am guilty and I believe it is in my best interest to enter such a plea.

13. I am satisfied with the services that Mr. Macon L. Weaver, has provided for me as my lawyer and I feel that he has done a good job.

14. I further understand that any agreement or recommendations that have been made by the State of Alabama through the District Attorney do not bind the Court and may not be followed in imposing sentence or granting probation.

I now request that the Court allow me to enter a plea of guilty to the offense of Burglary charged in the indictment of this case.

This the 15 day of August, 1974.

Defendant, /s/ John Douglas Cole

I have assisted my client in the completion of the foregoing and have satisfied myself from a professional standpoint that the plea that he wishes to enter is in his best interest and therefore recommend it to him and to the Court based on my professional judgment.

/s/ Macon L. Weaver, Attorney for Defendant"

Following the execution of the above request to plead guilty there was a colloquy between the trial judge and appellant, reported by the court reporter, in which the court explained to appellant all of his *Boykin* rights and further determined that the guilty pleas were voluntarily and understandingly entered into.

Where there is not only a written explanation of one's Constitutional rights, duly signed by the accused and his attorney, but a colloquy in the record as well, there is a full compliance with *Boykin*.

This was made clear in *Holsenbach v. State,* 49 Ala.App. 392, 272 So.2d 600; *Cooper v. State,* 53 Ala.App. 36, 297 So.2d 169; *White v. State,* 54 Ala.App. 27, 304 So.2d 268.

Appellant was represented by Honorable Macon L. Weaver, an able and distinguished lawyer of the Huntsville Bar and a former United States District Attorney for the Northern District of Alabama. Mr. Weaver filed in this court a "no merit letter." We think it well to set out this letter in this opinion.

"May 29, 1975

The Court of Criminal Appeals
Montgomery,
Alabama 36102

Re: State of Alabama vs. John Cole
    Case Numbers: 74-193F; 74-194F; 74-195F

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

I represented the defendant in all three cases.

In Case No. 74-193F, he was tried and found guilty by a jury, he was sentenced to five (5) years. He had the other two cases pending and he agreed to enter a plea to these sentences to run concurrently with his sentence in 74-193F. He did so, as shown by the transcript. His cases were continued until September 20, 1974 at 11:00 o'clock a. m., he failed to show up. However, it was November 4, 1974, before Judge Younger entered a forfeiture and ordered his re-arrest.

On the 24th day of January, 1975, he, being in custody, was sentenced by the Court to five (5) years in Case No. 74-193F; five (5) years in Case No. 74-194F; and five (5) years in Case No. 74-195F. The latter to run concurrently with his sentence in Case No. 74-193F.

John Cole then stated he wanted to appeal. With suspension of sentence, he has been unable to make the appeal bonds.

I have carefully reviewed the record and I am unable to find any error in the record on Case No. 74-193F. I find the transcript true and correct as to the pleas in Case No. 74-194F and Case No. 74-195F. However, I invite the court's careful review of the record in event I have overlooked something.

/s/ Macon L. Weaver

Macon L. Weaver, Attorney
488 Central Bank Building
Huntsville, Alabama 35801
205-536-2436"

We have carefully examined the record and conclude there is no reversible error.

The judgment of conviction is affirmed.

Affirmed.

All the Judges concur.