BOWEN W. SIMMONS, Supernumerary Circuit Judge.
Appellant-defendant, an indigent, appeals from a judgment of conviction on a plea of guilty for grand larceny. The court sentenced him to three years in the penitentiary. This case is No. 4S83-A. This indictment charges defendant with the theft of an automobile tire of the value of $104.00.
On appeal is Case No. 4584—A, 57 Ala.App. -, 333 So.2d 160 wherein, also on a plea of guilty, is a judgment of conviction for grand larceny, the subject being a .38 caliber pistol of the value of $125.00. The same punishment of three years imprisonment was imposed. The sentences run concurrently.
The pleas were accepted at the same hearing, but are here by separate transcript. However, appellant in the trial court and here is represented in both appeals by the same appointed attorney. It appears that the proceedings in both below *159 and here are essentially the same and only one brief is filed and addressed to both appeals which embrace the same points. The opinion in this Court has application to both appeals.
Appellant filed a motion for a new trial wherein ground seven asserts that the plea (of guilt) of defendant was not a voluntary plea and was made without defendant’s knowledge of the consequences of the same.
Appellant contends that when the motion was prepared, the court reporter had not transcribed the proceedings obtaining in the trial court when the plea was entered; that he was prejudicially handicapped in preparing his motion to challenge entry of his guilty plea. We treat the ground as sufficient and address our observations accordingly to the merits.
The Supreme Court in Twyman v. State, 293 Ala. 75, 300 So.2d 124, in reviewing a decision of this Court, quoted Justice Douglas, writing for the majority of the Supreme Court of the United States in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, as follows:
“ ‘Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653. Second, is the right to trial by jury. Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491. Third, is the right to confront one’s accusers. Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923. We cannot presume a waiver of these three important federal rights from a silent record.
“ ‘What is at stake for an accused facing death or imprisonment demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence. When the judge discharges that function, he leaves a record adequate for any review that may be later sought (Garner v. Louisiana, 368 U.S. 157, 173, 82 S.Ct. 248, 256, 7 L.Ed.2d 207; Specht v. Patterson, 386 U.S. 605, 610, 87 S.Ct. 1209, 1212, 18 L.Ed.2d 326), and forestalls the spin-off of collateral proceedings that seek to probe murky memories.’ ”
It appears in the instant case (also in Case No. 4584-A) that the trial judge informed the defendant of his rights and in our judgment, the colloquy met the demands of Boykin. The colloquy was sufficient to give the defendant a full understanding of what the plea connotes. The colloquy was in the presence of defendant’s attorney who was capable and sincere in representing his client.
The court first told him that in both cases he was charged with grand larceny. He then proceeded to advise defendant the nature of the charges and explained to him what grand larceny meant.
He next informed him: (1) that the punishment was one to ten years for the offense; (2) that in each case he was entitled to a trial by jury; (3) that he was entitled to be confronted by his accusers as well as other State witnesses; (4) that he was not required to give testimony against himself; (5) that any plea he made must be strictly voluntary; and (6) that what he had said applied to both cases.
It appears that defendant’s counsel thereupon waived reading of the indictment in both cases.
Thereupon the court asked defendant how he plead in Case No. 4583-A, to which defendant answered, “Guilty.” The court asked, “In Case- 4584-A, how do you plead?” Defendant answered, “Guilty.” Then the court asked, “That this is a vol *160 untary plea on your part, isn’t it?” Defendant answered, “Yes, sir.” Also the court asked, “And you thoroughly understand everything the Court has said to you?” Defendant answered, “Yes, sir.” Then follows, “Is that a voluntary plea in each case?” Defendant answered, “Yes, sir.”
It appears further in the record that on arraignment in both cases at a prior session of the court, defendant entered a plea of not guilty. At that time, the indictments were both read to defendant. Prior to entry of the plea, the court told him what the penalty was (one to ten years) and also informed him in almost the same words as later, supra, what his rights were. So defendant was informed twice at different times what his rights were. This prior time, defendant was informed in both cases as to his rights.
We hold that under Boykin, defendant, in both cases, was fully informed of his rights and that he entered his guilty pleas fully informed of the consequences.
We find no errors in the record prejudicial to defendant. He entered the pleas without any deception or concealment and belongs to suffer the penalties imposed for the crimes.
The judgment in Case No. 4S83-A is affirmed.
The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.
AFFIRMED.
TYSON, HARRIS, DeCARLO, and BOOKOUT, JJ., concur.