HARRIS, Judge.
Appellant was convicted of robbery and sentenced to ten years imprisonment in the penitentiary. At arraignment with counsel present he pleaded not guilty.
Omitting the formal parts the indictment reads as follows:
“The Grand Jury of said County charges that before the finding of this Indictment Fernando Lett, alias Fernando T. Lett, alias Fernando Thepolis Lett, whose name to the Grand Jury is otherwise unknown than as stated, feloniously took one (1) white beaded purse, of the value of $10.00; one (1) red billfold, of the value of $7.00; one (1) red change purse, of the value of $2.00; and Twenty-nine and no/100 Dollars ($29.00), *860 lawful United States currency, the exact denomination of which is unknown to the Grand Jury, of the value of $29.00, all of the aggregate value of $48.00, the property of Lualta McDill, from her person or in her presence, and against her will, by violence to her person, or by putting her in such fear as unwillingly to part with the same, contrary to law and against the peace and dignity of the State of Alabama.”
When the case was called for trial, the appellant and his counsel made known to the Court that he wished to change his not guilty plea and plead guilty to the indictment with the understanding that he would receive a sentence of ten years.
Appellant’s counsel made a thorough investigation of the case against appellant and the District Attorney made available to appellant’s counsel the contents of his file. The file reflected that appellant had signed a confession admitting his participation in the robbery. His confessory statement showed that he and one Elbert Rupert agreed to go to Crestwood Cemetery near Gadsden and rob any person visiting the cemetery. While they were waiting at the cemetery, the victim and her husband arrived. The appellant was to grab and hold the husband while Rupert was to take the victim’s pocketbook. Appellant grabbed the old man and he began to holler and the appellant turned him loose and ran. Rupert succeeded in getting the woman’s pocketbook.
Appellant’s diligent and astute counsel had many conferences with appellant about the facts against him. Counsel went over the Ireland form in detail. The Ireland form, in this case, contained all the Boykin rights, including the range of punishment, and appellant signed this form along with the trial judge and appellant’s counsel.
At one point during counsel’s interrogation of appellant he indicated he was not guilty. His counsel told him that if he thought he was not guilty that he would have to stand trial saying, “In all my years of practice I have never pleaded a man guilty who told me he was not guilty.” It seems that appellant did not think he was guilty of robbery since he did not actually take the pocketbook from the woman. Counsel then explained to appellant the law of aiding and abetting and appellant then decided to plead guilty.
Before accepting the guilty plea there was a detailed colloquy between the judge and appellant which was reported by the Court Reporter. The Court was satisfied that appellant’s guilty plea was freely and voluntarily made. He explained to appellant all of his constitutional rights as enunciated in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, and Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747. He ascertained from appellant’s own lips that he participated in the robbery and that no threats, promises, rewards or other inducements had been made to him to get him to plead guilty.
After sentence was imposed, appellant applied for probation and a hearing was set to hear his application. Probation was denied and appellant gave notice of appeal. He applied for a free transcript and the Court determined that he was indigent and he was furnished a free transcript. New counsel was appointed to represent him on appeal.
The only issue presented on this appeal is whether appellant’s guilty plea was truly voluntary in the light of the colloquy between the Court and appellant where at one point he indicated he was not guilty. Reliance is had on the case of North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162.
In Alford the Court held that a guilty plea coupled with a claim of innocence shall not be accepted unless the judge inquires into the conflict and determines there is a factual basis for the plea. In the instant case the Court made an in depth inquiry into the facts of the case and *861 found there was more than a factual basis for the guilty plea. The State had a strong case against appellant and he was advised by competent counsel that it was in his best interest to plead guilty. The trial court was of the same opinion.
The judgment of conviction is affirmed.
AFFIRMED.
TYSON, DeCARLO and BOOKOUT, JJ., concur.