Appellant was indicted for grand larceny. At arraignment he was represented by retained counsel and pleaded not guilty.
When his case was called for trial, he signed a request to enter a guilty plea and he stated that he was 20 years of age. This document contained all the Boykin rights, including the minimum and maximum sentence, and is signed by appellant, his counsel, and the judge. On the form above the trial judge's signature is the following sentence: "I have personally examined the above defendant as to his understanding and effect of the foregoing form." Under Twyman v. State, 293 Ala. 75,300 So.2d 124, this might be a sufficient compliance with the law respecting guilty pleas.
We believe, however, that under Honeycutt v. State,47 Ala. App. 640, 259 So.2d 846; Walcott v. State, 288 Ala. 546, *Page 28 263 So.2d 178, and Cooper v. State, 53 Ala. App. 36, 297 So.2d 169, it would be far better to have a colloquy between the trial judge and the defendant, reported by the Court Reporter, to have a more complete record of the proceedings involving guilty pleas.
As above stated appellant was 20 years of age at the time he signed the request to plead guilty and nowhere in the record does it appear that he was ever informed of his right to request Youthful Offender status. This right is mandated byMorgan v. State, 291 Ala. 764, 287 So.2d 914.
Under Morgan, supra, this cause is remanded to the Circuit Court to investigate and examine appellant at a hearing and determine whether in its discretion he should be tried as a Youthful Offender. Title 15, Section 226 (1), Code of Alabama 1940.
The trial court is further instructed that the hearing be held speedily, and that a full record be made together with the Court's determination. A transcript of these proceedings, under the seal of the Clerk, must be forwarded to this Court for review.
REMANDED WITH DIRECTIONS.
All the Judges concur, except CATES, P.J., not sitting.
 AFTER REMANDMENT TO THE CIRCUIT COURT