PER CURIAM.
The Appellant was indicted by the Grand Jury of Cullman County, Alabama August 6, 1976 on three charges of burglary of a motor vehicle. September 13, 1976 Appellant appeared before the Circuit Court of Cullman County, Alabama with court appointed counsel for arraignment. Appellant made known to the Court that he desired to plead guilty to each of the charges. Appellant filed a written request in each case to be permitted to enter guilty pleas. The written request signed by Appellant and his attorney contains a statement of his Constitutional rights and his waiver thereof. After detail discussion between the Appellant and the Court in which the Court, among other things, informed Appellant of his Constitutional rights and the effect of his waiver of these rights, the pleas of guilty were accepted. Thereupon Appellant was convicted in each case upon his plea of guilty and punishment was fixed at two years in the State penitentiary, in each case, the sentences to run consecutively. Appellant stated he did not desire to apply for probation. After formal sentence Appellant gave notice of appeal and bond was fixed pending appeal.
Appellant questions the adequateness of the lower court’s explanation of his Constitutional right against compulsory self-incrimination and raises the question of the voluntariness of his pleas of guilty under the circumstances.
The written form filed by the Appellant, a part of this record, is not in the exact form and language set out in Ireland v. State, 47 Ala.App. 65, 250 So.2d 602 or the exact form and language set out by Judge Harris’ appendix to Cooper v. State, 53 Ala.App. 36, 297 So.2d 169. The pertinent part of the Ireland form reads:
“Under the Constitutions of the United States and the State of Alabama you have the privilege not to be compelled to give evidence against yourself.”
The pertinent part of the Harris form reads:
“Q. and you could testify at your trial, but you would not have to if you choose not to?”
The pertinent part of the form signed by Appellant reads:
8(c) “The right to have witnesses subpoenaed to give evidence in my favor and to testify myself or remain silent at my own choosing.”
We hold that the form signed by the Appellant using the above quoted language has the same meaning as the “Ireland” and “Harris” forms and is a sufficient compliance with them.
In addition to the written form filed by the Appellant the Court questioned Appellant at length before accepting the pleas of guilty. The Court explained to Appellant his Constitutional rights and the effect of his pleas of guilty. The Court in explaining Appellant’s right against forced self-incrimination used the following language: “You give up the right also to subpoena witnesses to help defend yourself and to testify or not as you may elect, do you understand that? Answer by Mr. Church: Yes sir.” While these words used by the Trial Court are not in the same language of Boykin v. Ala., 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, or the “Ireland” or “Harris ” forms we hold them sufficient to appraise the Appellant of his right against forced self-incrimination and that his pleas were voluntary.
We think it appropriate to re-state our recommendation contained in Cooper v. State, 53 Ala.App. 36, 297 So.2d 169.
“(2) The so-called Ireland waiver form is a useful document as it memorializes what occurred at the guilty plea hearing and we commend its use. But a guilty plea must not rest alone on the execution of a written form. There must be a personal interrogation by the trial judge and a record made of the defendant’s responses to the judges’ inquiries. By personally interrogating the defendant, not only will the judge be better able to ascertain the pleas’ voluntariness, but he *1255 will also develop a more complete record to support his determination in a subsequent post-conviction attack ‘and forestalls) the spin off collateral proceedings that seek to probe murky memories.’ There is no adequate substitute for demonstrating in the record at the time the plea is entered the defendant’s understanding of the nature of the charge against him and the consequences the plea connotes.”
The lower court is
AFFIRMED.
All the Judges concur.