JOSEPH J. MULLINS, Retired Circuit Judge.
The appellant, Billy Joe Bailey, appeared before the Circuit Court of Etowah County to answer two indictments returned by the grand jury for grand larceny and three informations filed against him by the District Attorney charging him with grand larceny, burglary in the second degree, and forgery in the second degree. Appellant entered a plea of guilty as charged to the two indictments and to the three informa-tions against him. He was duly sentenced to 5 years in the penitentiary in each case with all sentences to run concurrently. Appellant applied for probation, it was denied, and he filed notice of appeal to this Court. All 5 cases were certified to this Court in one record.
The appellant is now, and was at all times in the trial court, represented by court appointed counsel. This appeal was submitted to this Court on briefs.
In the record before us it appears that cases numbered DC-77-001385, DC-77-001438 and DC-77-001569 are all felony cases which are not punishable by capital punishment and are on informations filed by the District Attorney as provided by the Constitution Of Alabama Of 1901, Art. 1, Sec. 8, Amendment No. 37, Code of Alabama, 1975, Vol. 1, Page 508, and Code Of Alabama, 1975, §§ 15-15-20, 21, 22, 23, 26. The appellant has attempted to appeal from sentences in these cases. We hold that there is no right of appeal from the action of the trial court in such cases. The Code Of Alabama, 1975, § 15-15-26 provides for no right of appeal in such cases;
“Sec. 15-1526. No right of appeal.
After the court has heard and considered a plea of guilty by a defendant and has permitted the filing of such plea and sentenced the defendant, such defendant shall not have the right of appeal from the action of the court. (Acts 1939, No. 227, p. 367; Code 1940, T. 15, Sec. 266.)”
Accordingly the proceedings here as to Case Nos. DC-77-001385, DC-77-001438 and DC-77-001569 are due to be, and are dismissed. Rogers v. State, 44 Ala.App. 331, 208 So.2d 240; Code of Alabama, 1975, § 15-15-26.
From the record it appears that Case No. CC-77-001020, and Case No. CC-77-001021 are on indictments returned by the grand jury against the appellant charging him with grand larceny; that appellant, with his counsel, appeared before the Circuit Court for the purpose of entering a plea in each case; that appellant’s counsel *424 stated to the court in substance that counsel had discussed the cases with the appellant, along with three other cases; that appellant understands the charges, and asked that appellant be allowed to waive the reading of the indictments and enter a plea to them. The appellant then stated to the court that he agreed with all his counsel had said, and that there was no need for the court to read the indictments to him. The court then proceeded to inform the appellant of his rights under the law. The colloquy between the court and the appellant and appellant’s counsel is set out in full in the record and contains about 12 pages.
We have examined the record and hold that the trial court before accepting appellant’s pleas of guilty, fully informed appellant of his rights under the law, and that the pleas of guilty were freely, unequivocally, intelligently, and understandingly made in open court by the appellant, attended with counsel, with full knowledge and understanding of appellant’s rights under the law and the consequences of his act. Twyman v. State, 293 Ala. 75, 300 So.2d 124; Lett v. State, Ala.Cr.App., 333 So.2d 859; Johnson v. State, Ala.Cr.App., 333 So.2d 158; Woods v. State, Ala.Cr.App., 342 So.2d 27.
We have searched the record in cases numbered CC-77-001020, and CC-77-001021 for any errors prejudicial to the appellant and have found none.
The judgments of the trial court in cases numbered CC-77-001020, and CC-77-001021 should be affirmed.
The foregoing opinion was prepared by the Honorable Joseph J. Mullins, a retired Circuit Judge, serving as a Judge of this Court under the provisions of Section 6.10 of the new Judicial Article (Constitutional Amendment No. 328, Act # 1051, 1973); his opinion is hereby adopted as that of the Court.
The proceedings in cases numbered DC-77-001385, DC-77-001438, and DC-77-001569 are dismissed.
The judgments below in cases numbered CC-77-001020, and CC-77-001021 are hereby affirmed.
All the Judges concur.