289 So.2d 662

**Richard Joe JOHNSON, alias**

v.

**STATE.**

**7 Div. 259.**

Court of Criminal Appeals of Alabama.

Dec. 11, 1973.

Rehearing Denied Jan. 2, 1974.

Myron K. Allenstein, Gadsden, for appellant.

William J. Baxley, Atty. Gen., and David Lee Weathers, Asst. Atty. Gen., for the State.

TYSON, Judge.

The appellant was charged by the Grand Jury of Etowah County, Alabama, with the first degree murder of Sylvester A. Whorton by shooting him with a gun or pistol. At arraignment the appellant, accompanied by counsel, entered a plea of not guilty, and the cause was set for trial with regular and special venires being drawn.

On March 1, 1973, the appellant appeared in open court, accompanied by his attorney, and entered a plea of guilty to the offense of murder in the second degree, and at this time was sentenced to thirty years imprisonment.

The appellant gave notice of appeal, and from this judgment prosecutes this appeal.

The record in this cause affirmatively reflects a colloquy between the trial judge, the appellant, and his counsel in accordance with Walcott v. State, 288 Ala. 546, 263 So.2d 178; and Honeycutt v. State, 47 Ala.App. 640, 259 So.2d 846, which shows the questions asked and answers given at the time of taking the plea of guilty. This colloquy shows that there were no threats, coercion, intimidation, or inducement, made to obtain the guilty plea, and that such was done by the appellant after full consultation with his counsel, and with full knowledge of its consequences.

At issue is whether or not a full compliance with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, is here shown.

An examination of the colloquy in this cause shows that the trial judge, before taking the plea in question, in addition to the matters above stated, advised the appellant as to his privilege against compulsory self-incrimination, of his right to a public trial by jury, of his right to confront his accusers, and to have compulsory process to obtain witnesses, and that such witnesses be cross-examined in his presence, Boykin v. Alabama, supra. In addition, the colloquy in question affirmatively reflects that the trial judge did advise the appellant of the minimum punishment and the maximum punishment which might be imposed by the court, Carter v. State, Ala., 277 So. 2d 896; Cooper v. State, 47 Ala.App. 178, 252 So.2d 104, cert. den. 287 Ala. 728, 252 So.2d 108; Clark v. State, 48 Ala.App. 108, 262 So.2d 310, cert. den. 288 Ala. 736, 262 So.2d 312.

Counsel argues that toward the end of the colloquy, when asked by the court, "Did you do that [referring to the offense in question]," the appellant replied, "Yes, sir, I guess so," to show the appellant did not fully understand. However, the completed colloquy shows the question from the court, "You guess so? Don't you know," to which the appellant replied, "Yes."

We have carefully examined this record and find that such was in full compliance

with federal and state standards, and that the judgment in question is therefore due to be and the same is hereby

Affirmed.

All the Judges concur.