594 So.2d 233 (1991)
Curtis Wayne WESSON
v.
STATE.
CR 90-763.
Court of Criminal Appeals of Alabama.
October 25, 1991.
Rehearing Denied November 27, 1991.
Certiorari Denied February 21, 1992.
James D. Smith of Smith & Ferguson, Tuscaloosa, for appellant.
James H. Evans, Atty. Gen., and P. David Bjurberg, Asst. Atty. Gen., for appellee.
Alabama Supreme Court 1910427.
PER CURIAM.
The appellant, Curtis Wayne Wesson, was indicted for the offense of rape in the first degree. On September 19, 1989, the appellant pleaded guilty to the offense of attempted rape in the first degree and he was sentenced to 20 years' imprisonment. On September 29, 1989, the appellant filed a motion to withdraw his guilty plea, alleging, among other things, that there was no factual basis for his plea, that his attorney failed to investigate the case adequately, and that he was coerced into pleading guilty. That motion was denied on October 2, 1989. On October 4, 1989, the appellant filed a motion for new trial. A hearing was held on that motion and it was denied on October 19, 1989.
The appellant filed notice of appeal on October 20, 1989. The record on appeal was not completed and filed with this court until February 25, 1991. The record on appeal includes a transcript of the hearing on the motion for new trial, but it does not include a transcript of the hearing at which the appellant pleaded guilty. On March 12, 1991, the appellant filed a motion to supplement the record under Rule 10(f), A.R.App.P. In his motion, the appellant stated that a transcript of the hearing at which the appellant pleaded guilty was crucial to his appeal, and he asked that the record be supplemented with a transcript of this hearing. On May 29, 1991, the trial court filed an order stating that it was *234 unable to supplement the record with a transcript of the guilty plea hearing. In his order, the trial judge stated:
"After a diligent and thorough search and investigation by the attorney for the defendant, James T. Smith, and the staff of this Court, this Court is unable to determine or locate the court reporter who transcribed the guilty plea of September 19, 1989. The official court reporter of this court was absent on the subject date and inquiries to other potential court reporters, the presiding judge's office, and the attorneys and court officers involved have failed to identify the court reporter involved."
It is obvious from the trial court's order that the transcript of the guilty plea hearing cannot be prepared. Thus, this court has two options. One option we must consider is "the feasibility of preparing a Rule 10(d) and (e), ARAP, succinct statement in lieu of the transcript." Ex parte Steen, 431 So.2d 1385, 1390 (Ala.1983). The other option is to remand this cause to the trial court with directions that the appellant be allowed to withdraw his guilty plea and that a new trial be granted.
Rule 10(d), A.R.App.P., reads as follows:
"Statement of the evidence or proceedings when no report was made or when the transcript is unavailable. If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be served within 49 days (seven weeks) after notice of appeal on the appellee, who may serve objections or propose amendments thereto within seven days (one week) after service. Thereupon the statement and any objections or proposed amendments shall be submitted to the trial court for settlement and approval and as settled and approved shall be filed with and included by the clerk of the trial court in the record on appeal."
Rule 10(e), A.R.App.P., states:
"Agreed statement as the record on appeal. In lieu of the record on appeal as defined in subdivision (a) of this rule, the parties may prepare and sign a statement of the case showing how the issues presented by the appeal arose and were decided in the trial court and setting forth only so many of the facts averred and proved or sought to be proved as are essential to a decision of the issues presented. If the statement conforms to the truth, it, together with such additions as the court may consider necessary fully to present the issues raised by the appeal, shall be approved by the trial court and shall then be certified to the appellate court to which such appeal is taken as the record on appeal and transmitted thereto by the clerk of the trial court within the time provided by Rule 11. Copies of the agreed statement may be filed as the appendix required by Rule 30."
An examination of the above rules and the circumstances of this case convinces this court that the preparation of a statement under Rule 10(d) and (e) is not feasible. The appellant pleaded guilty two years ago. The trial judge who took the plea is no longer on the bench. The appellant's lawyer on appeal is not the same attorney who represented him when he entered the plea. Although the record shows that the appellant executed an Ireland form, there is nothing in the record that shows that there was a factual basis for the appellant's plea, and the lack of such a factual basis is one of the allegations he raised in his motion to withdraw his plea and on appeal.
Therefore, we conclude that the best remedy in the instant case is to reverse the judgment and remand this cause to the circuit court with directions that the appellant be allowed to withdraw his guilty plea and be granted a jury trial, if he so desires. See Steen.
REVERSED AND REMANDED.
All the Judges concur.
TAYLOR, J., concurs in result only, with opinion.
*235 TAYLOR, Judge, concurring in result only.
While this case should indeed be remanded, the majority's conclusion that Rule 10(d) and (e), A.R.App.P., applies in criminal cases is in direct conflict with this court's holding in Fair v. City of Birmingham, 586 So.2d 257 (Ala.Cr.App.1991). It is also in direct conflict with the committee comments to Rule 10 that "[t]he general rule is that there will be no designation of the record in criminal appeals." It is my opinion that this rule should not be applied to criminal cases.