The appellant, Kali Krystal Verzone, was indicted for first-degree robbery, and she pled guilty to third-degree robbery, a violation of § 13A-8-43, Ala. Code 1975. The trial court sentenced her to serve a term of ten years in prison, but split the sentence and ordered her to serve a term of three years in prison followed by five years on supervised probation. The appellant did not file any post-judgment motions. This appeal followed.
The record on appeal in this case does not include a transcript of a guilty plea colloquy between the appellant and the trial court. The appellant argues that "[t]he lack of colloquy in the present case creates problems concerning the voluntariness of the plea and the jurisdiction of the Trial Court to accept the plea and without the colloquy the plea and sentence cannot survive review." (Appellant's brief at p. 10.) We agree.
Rule 14.4, Ala.R.Crim.P., provides, in pertinent part:
 "(a) Colloquy With Defendant. In all minor misdemeanor cases, the execution of a form similar to Form 68 will be sufficient and no colloquy shall be required. In all other cases, except where the defendant is a corporation or an association, the court shall not accept a plea of guilty without first addressing the defendant personally in the presence of counsel in open court . . . .
". . . .
 "(c) Record of Proceedings. A verbatim record of the proceedings at which the defendant enters a plea of guilty to a felony shall be made . . . .
 "(d) Use of Form. The court may comply with the requirements of Rule 14.4(a) by determining from a personal colloquy with the defendant that the defendant has read, or has had read to the defendant, and understands each item contained in Form 68, 69, 70, or Form 71, as the case may be."
The Committee Comments to Rule 14.4, Ala.R.Crim.P., provide, in pertinent part:
 "Section (a) adopts the requirement that the court address the defendant personally in open court in the presence of counsel (unless counsel has been waived pursuant to Rule 6.1(b)) and is applicable in all cases except those involving minor misdemeanors and offenses where the defendant is a corporation. . . . This procedure is called for by ABA, Standards for Criminal Justice, Pleas of Guilty 14-1.4 (2d ed. 1986), and is widely practiced by Alabama trial judges. See, e.g., Johnson v. State, 52 Ala. App. 94, 289 So.2d 662 (1973). The record should affirmatively reflect the questions asked and the defendant's responses. This practice will protect the courts by providing an adequate basis for review on appeal.
". . . .
 "Section (c) requires that the court keep a verbatim record of pleas of guilty to felonies. In Jarman v. State, 54 Ala. App. 557, 310 So.2d 481 (1975), the appellant pleaded guilty to a misdemeanor and was sentenced to 90 days' imprisonment. The court reversed and remanded, since the `record [was] completely devoid of any colloquy between the trial judge and the appellant and his attorney, which is necessary to show compliance with Boykin,' pointing out that '[t]he record itself or the minute entry must affirmatively reflect the questions asked and answers given at the time of taking the guilty plea' quoting Allen v. State, 50 Ala. App. 310, 278 So.2d 758 (1973), citing McGullion v. State, 49 Ala. App. 248, 270 So.2d 680
(Ala.Crim.App. 1972). *Page 314 
 "Section (d) is included to accommodate the current Alabama practice of informing the defendant of his rights through a form similar to that approved in Ireland v. State, 47 Ala. App. 65, 250 So.2d 602
(1971), and subsequent cases. The rule, however, specifically retains the requirement that the trial judge personally address the defendant in order to determine that he understands the contents of the form and that the judge specifically question the defendant concerning the information contained in each item. Thus, in every case, the record should affirmatively show a colloquy between the trial judge and the defendant concerning all such matters. Twyman v. State, 293 Ala. 75, 300 So.2d 124 (1974), held that where the record affirmatively shows that the defendant was informed of and understood his rights, the record need not include a full transcript of the colloquy. Subsequent cases in the Court of Appeals have held that while a full colloquy is not required where the form is used, the record must show that the trial judge made inquiry as to the defendant's understanding of the rights set out in the form. This rule requires such a colloquy and requires that specific inquiry be made with regard to the rights set out in Rule 14.4(a)(1) and (2). Such procedure will ensure that the form herein approved does not `become so commonplace and perfunctory that [it fails] to serve the purpose for which [it is] intended.' See Twyman v. State, 293 Ala. 75, 83, 300 So.2d 124, 131
(1974) (Heflin, C.J., dissenting)."
(Emphasis added.)
The appellant raises arguments challenging the voluntariness of her guilty plea and the trial court's jurisdiction to accept her plea. Without a transcript of the guilty plea colloquy, if the trial court conducted one,[1] we cannot determine whether the appellant preserved any of these arguments for our review, and we cannot determine whether the trial court had jurisdiction to accept the appellant's guilty plea.Cf. Jones v. State, 727 So.2d 889 (Ala.Crim.App. 1998) (holding that, because the prosecutor did not dispute the assertion that the trial court had incorrectly advised the appellant of the maximum and minimum sentences she faced by pleading guilty, this court had an adequate record upon which to base a review of the appellant's argument); Harris v.State, 563 So.2d 9 (Ala.Crim.App. 1989) (holding that reversal was not required because, by pleading guilty, the appellant had waived the argument he raised on appeal). Because the trial court has indicated that a transcript of the guilty plea colloquy, if any, is not available, we must reverse the trial court's judgment *Page 315 
and remand this case to the trial court for new guilty plea proceedings or for a jury trial. See Wesson v.State, 594 So.2d 233 (Ala.Crim.App. 1991); Daughtry v. State,587 So.2d 1285 (Ala.Crim.App. 1991).
REVERSED AND REMANDED.
McMILLAN, P.J., and COBB and WISE, JJ., concur; SHAW, J., concurs in the result.
[1] After the record on appeal in this case had been certified as complete, the appellant attempted to have it supplemented with a transcript of the guilty plea colloquy. The trial court conducted a hearing and then entered the following on the case action summary sheet: "Although the colloquy of the Defendant's prior plea of guilty has not been located by the Court Reporter, this Court knows she was advised of all of her Boykin warnings prior to accepting the plea of guilty." (S.R. 1 6.) Subsequently, defense counsel submitted an affidavit in which he stated: "At the time of her guilty plea, the Court stated that it would proceed on the Ireland form and no colloquy was ever conducted. . . . [T]here was no colloquy conducted by the Court. The Court entered the plea of guilty based upon the Ireland form." (S.R. 2 10-11.) Therefore, there is conflicting evidence as to whether the trial court conducted a personal colloquy with the appellant in this case. However, because we cannot adequately review the appellant's arguments without a transcript of the guilty plea colloquy, and because the trial court has indicated that the court reporter cannot locate a transcript of any colloquy with the appellant, we must remand this case for new proceedings, and we are not required to resolve this conflict.