972 So.2d 831 (2006)
Joseph Carl FLEMING
v.
STATE of Alabama.
CR-05-0164.
Court of Criminal Appeals of Alabama.
September 29, 2006.
Rehearing Denied December 8, 2006.
Mark David Erdberg, Birmingham, for appellant.
Troy King, atty. gen., and Andy Scott Poole, asst. atty. gen., for appellee.
COBB, Judge.
Joseph Carl Fleming pleaded guilty to and was convicted of attempting to elude a police officer, § 32-5A-193, Ala.Code 1975, and reckless endangerment, § 13A-6-24, Ala.Code 1975. As to each conviction, he was sentenced to 60 days in jail and was ordered to pay court costs and a $25 victim assessment. The 60-day sentences were ordered to run concurrently. Fleming moved to withdraw his guilty pleas, and *832 the trial court denied the motion. We reverse and remand for further proceedings.
On February 2, 2005, Fleming was convicted in the district court of Lamar County of the two charges; he appealed to the Lamar Circuit Court. On October 12, 2005, Fleming pleaded guilty to both charges. The record on appeal contains forms styled "Explanation of Rights and Plea of Guilty" for each charge, but it contains no transcription of a plea colloquy or an indication that one was conducted. On November 4, 2005, Fleming filed a motion to withdraw his guilty pleas, alleging that he pleaded guilty only because he was pressured by trial counsel to do so. (C. 24-25.) The trial court denied the motion on that date.

I.
Fleming first argues that his convictions must be reversed because the record does not contain a guilty-plea colloquy.
Rule 14.4(a), Ala. R.Crim. P., provides, in relevant part, that in minor misdemeanor cases, the execution of a guilty-plea form will be sufficient and that no colloquy is required. Rule 1.4(r), Ala. R.Crim. P., defines a "minor misdemeanor" as one for which the defendant will not be punished by a sentence of imprisonment. Thus, Fleming argues, he was not convicted of a minor misdemeanor as that term is defined in the Alabama Rules of Criminal Procedure, and the lack of a plea colloquy in the record requires a reversal of his convictions. The State notes that Fleming is not arguing that the trial court failed to conduct a colloquy, only that the transcript of the colloquy is not in the record. Thus, the State contends, Fleming has not preserved this issue for review. The State also argues that Verzone v. State, 841 So.2d 312 (Ala.Crim.App.2002), which Fleming cited, is distinguishable. We disagree with the State.
Rule 14.4(a), Ala. R.Crim. P., provides in relevant part that in "minor misdemeanor cases," the execution of a form advising the defendant of his rights and indicating his desire to plead guilty will be adequate and that no colloquy is required. The rule further provides: "In all other cases, except where the defendant is a corporation or an association, the court shall not accept a plea of guilty without first addressing the defendant personally in the presence of counsel in open court . ." Rule 1.4(r), Ala. R.Crim. P., defines "minor misdemeanor" as one "for which the defendant will not be punished by a sentence of imprisonment." Fleming pleaded guilty to two Class A misdemeanors and was sentenced to 60 days in jail on each conviction. Thus, by definition, he was not convicted of minor misdemeanors, and Rule 14.4(a) required a colloquy on the record. There is no indication in the record that the trial court held a colloquy, and even if the court held a colloquy, the court reporter has stated that no transcript exists.
This Court has considered a virtually identical issue in the context of a felony case. In Verzone v. State, supra, the appellant pleaded guilty to third-degree robbery, a Class C felony. She filed no post-trial motions, but she appealed and argued that the lack of a colloquy in the record raised questions about the jurisdiction of the court and the voluntariness of the plea. This Court agreed. We stated:
"The Committee Comments to Rule 14.4, Ala. R.Crim. P., provide, in pertinent part:
"`Section (a) adopts the requirement that the court address the defendant personally in open court in the presence of counsel (unless counsel has been waived pursuant to Rule 6.1(b)) and is applicable in all cases *833 except those involving minor misdemeanors and offenses where the defendant is a corporation. . . . This procedure is called for by ABA, Standards for Criminal Justice, Pleas of Guilty 14-1.4 (2d ed.1986), aria is widely practiced by Alabama trial judges. See, e.g., Johnson v. State, 52 Ala.App. 94, 289 So.2d 662 (1973). The record should affirmatively reflect the questions asked and the defendant's responses. This practice will protect the courts by providing an adequate basis for review on appeal.

"`. . . .

"`Section (c) requires that the court keep a verbatim record of pleas of guilty to felonies. In Jarman v. State, 54 Ala.App. 557, 310 So.2d 481 (1975), the appellant pleaded guilty to a misdemeanor and was sentenced to 90 days' imprisonment. The court reversed and remanded, since the "record [was] completely devoid of any colloquy between the trial judge and the appellant and his attorney, which is necessary to show compliance with Boykin [v. Alabama, 395 U.S. 238 (1969)]," pointing out that "[t]he record itself or the minute entry must affirmatively reflect the questions asked and answers given at the time of taking the guilty plea" quoting Allen v. State, 50 Ala.App. 310, 278 So.2d 758 (1973), citing McGullion v. State, 49 Ala.App. 248, 270 So.2d 680 (Ala.Crim.App.1972).
"`Section (d) is included to accommodate the current Alabama practice of informing the defendant of his rights through a form similar to that approved in Ireland v. State, 47 Ala. App. 65, 250 So.2d 602 (1971), and subsequent cases. The rule, however, specifically retains the requirement that the trial judge personally address the defendant in order to determine that he understands the contents of the form and that the judge specifically question the defendant concerning the information contained in each item. Thus, in every case, the record should affirmatively show a colloquy between the trial judge and the defendant concerning all such matters. Twyman v. State, 293 Ala. 75, 300 So.2d 124 (1974), held that where the record affirmatively shows that the defendant was informed of and understood his rights, the record need not include a full transcript of the colloquy. Subsequent cases in the Court of Appeals have held that while a full colloquy is not required where the form is used, the record must show that the trial judge made inquiry as to the defendant's understanding of the rights set out, in the form. This rule requires such a colloquy and requires that specific inquiry be made with regard to the rights set out in Rule 14.4(a)(1) and (2). Such procedure will ensure that the form herein approved does not "become so commonplace and perfunctory that [it fails] to serve the purpose for which [it is] intended." See Twyman v. State, 293 Ala. 75, 83, 300 So.2d 124, 131 (1974) (Heflin, C.J., dissenting).'
"(Emphasis added.)
"The appellant raises arguments challenging the voluntariness of her guilty plea and the trial court's jurisdiction to accept her plea. Without a transcript of the guilty plea colloquy, if the trial court conducted one, we cannot determine whether the appellant preserved any of these arguments for our review, and we cannot determine whether the trial court had jurisdiction to accept the appellant's guilty plea. Cf. Jones v. State, 727 So.2d 889 (Ala.Crim.App.1998) (holding that, because the prosecutor did not dispute the assertion that the trial court had *834 incorrectly advised the appellant of the maximum and minimum sentences she faced, by pleading guilty, this court had an adequate record upon which to base a review of the appellant's argument); Harris v. State, 563 So.2d 9 (Ala.Crim. App.1989) (holding that reversal was not required because, by pleading guilty, the appellant had waived the argument he raised on appeal). Because the trial court has indicated that a transcript of the guilty plea colloquy, if any, is not available, we must reverse the trial court's judgment and remand this case to the trial court for new guilty plea proceedings or for a jury trial. See Wesson v. State, 594 So.2d 233 (Ala. Crim.App.1991); Daughtry v. State, 587 So.2d 1285 (Ala.Crim.App.1991)."
841 So.2d at 313-15 (footnote omitted).
The State contends that Verzone does not apply here because Fleming did not challenge the jurisdiction of the court to accept his plea and because he failed to raise this issue in the trial court. The State has not recognized, however, that Verzone also did not raise the lack of a colloquy in the trial court, but raised it for the first time on appeal. Furthermore, as in Verzone, because we have no transcript of the colloquy, if one was held, we cannot determine whether Fleming preserved for review his claim regarding the voluntariness of his plea.
Therefore, our decision in Verzone compels us to reverse the trial court's judgment and to remand the cause to the trial court for new guilty-plea proceedings or for a trial.
REVERSED AND REMANDED.
WISE, J., concurs.
McMILLAN, P.J., and SHAW, J., concur in the result.
BASCHAB, J., dissents, with opinion.
BASCHAB, Judge, dissenting.
I agree that there are, cases, such as Verzone, in which a reversal is warranted because there is not a colloquy in the record on appeal. However, because this case is distinguishable from Verzone, and because defense counsel made only bare assertions in an unverified motion to withdraw the appellant's guilty plea, a reversal is not warranted in this case.
In Verzone, the appellant filed a motion to supplement the record on appeal with a transcript of the guilty plea colloquy. In this case, the appellant did not file a motion to supplement the record on appeal. In fact, in the reporter's transcript order, he did not even request a transcript of the guilty plea. Rather, he checked the portion of the form that indicated that the appeal would not have a court reporter's transcript.
Also, in Verzone, in addition to a voluntariness claim, the appellant raised a challenge to the trial court's jurisdiction to accept her guilty plea. Without a record of the colloquy, we could not review that challenge to the trial court's jurisdiction. In this case, the appellant raises only an argument that he did not voluntarily enter his guilty plea. Defense counsel presented this argument to the trial court in an unverified motion to withdraw the appellant's guilty plea.
"`Assertions in an unverified motion are bare allegations and cannot be considered as evidence or proof of the facts alleged.' Blount v. State, 557 So.2d 1333 (Ala.Crim.App.1989); see also, Similton v. State, 672 So.2d 1363 (Ala.Crim.App. 1995)."
McCollum v. State, 678 So.2d 1210, 1213 (Ala.Crim.App.1995). Thus, defense counsel's assertions in the motion to withdraw the appellant's guilty plea did not constitute evidence, and this court could conclude *835 that the trial court properly denied the motion on that basis.
For these reasons, I respectfully dissent.