972 So.2d 835 (2007)
Ex parte State of Alabama.
(In re Joseph Carl FLEMING
v.
STATE of Alabama).
1060461.
Supreme Court of Alabama.
May 25, 2007.
Troy King, atty. gen.; Kevin C. Newsom, deputy atty. gen.; and Andy Scott Poole, asst. atty. gen., for petitioner.
Submitted on petitioner's brief only.
STUART, Justice.
Joseph Carl Fleming pleaded guilty in the circuit court to two misdemeanors: attempting to elude a police officer, a violation *836 of § 32-5A-193, Ala.Code 1975, and reckless endangerment, a violation of § 13A-6-24, Ala.Code 1975. The trial court sentenced him to 60 days in jail on each conviction, the sentences to run concurrently. Fleming moved to withdraw his guilty pleas because, he said, he had not entered his pleas voluntarily. Specifically, he maintained:
"[Fleming] was represented by attorney Joel Sogol. . . . Attorney Sogol informed [Fleming] that he had spoken with the District Attorney and, if [Fleming] `walked a straight line' until the trial date, that the charges would be dismissed. Despite having no further difficulties with law enforcement, the District Attorney only offered to allow [Fleming] to plead guilty and serve 60 days in jail. [Fleming], only twenty-three (23) years old, did not want to plead guilty but was instead pressured into doing so by Sogol and only did so under duress."
The trial court denied Fleming's motion.
Fleming appealed to the Court of Criminal Appeals. Before that court, Fleming argued that his convictions should be reversed because the record did not contain a colloquy of the guilty-plea proceeding and that the trial court exceeded the scope of its discretion in summarily denying his motion to withdraw his pleas of guilty. Fleming v. State, 972 So.2d 831 (Ala.Crim. App.2006). The Court of Criminal Appeals, relying on its decision in Verzone v. State, 841 So.2d 312 (Ala.Crim.App.2002), held that because a transcript of the colloquy was not included in the record, the court could not determine whether Fleming had preserved for review his claim regarding the voluntariness of his pleas, and it reversed Fleming's convictions.
The State petitioned this Court for a writ of certiorari to address a conflict between the decision of the Court of Criminal Appeals that the absence in the record on appeal of a transcript of the guilty-plea proceeding requires reversal of the conviction and this Court's decision in Twyman v. State, 293 Ala. 75, 300 So.2d 124 (1974). We granted the writ.
Initially, we observe that neither Fleming nor the State contends that the trial court did not address Fleming to determine the voluntariness of Fleming's pleas. Thus, the issue presented is whether the record in a guilty-plea proceeding must contain a transcript of the trial court's colloquy with the defendant determining the voluntariness of the plea to permit appellate review of the conviction based on the guilty plea.
In Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the United States Supreme Court held that before a trial court can accept a defendant's plea of guilty, the trial court must determine that the defendant is entering the plea voluntarily. See Rule 14.4(a), Ala. R.Crim. P. (providing that the court, in all cases except cases involving minor misdemeanors, must personally address a defendant who is pleading guilty and ask certain questions to ascertain that the defendant is entering the plea voluntarily); see also Rule 14.4(d), Ala. R.Crim. P. (providing that the court may determine the voluntariness of a defendant's plea and satisfy the requirements of Boykin and Rule 14.4(a) by personally addressing the defendant and ascertaining that the defendant has read, or has had read to him, and understands each item contained in the "Explanation of Rights and Plea of Guilty" form the defendant executed). The United States Supreme Court stated in Boykin that the trial court's determination that the defendant voluntarily entered his plea of guilty must be affirmatively reflected in the record.
In Twyman, this Court held that the Boykin requirement that a record affirmatively *837 reflect that the trial court determined that the defendant entered his plea of guilty voluntarily can be satisfied by either a transcript of the colloquy or written documents or entries in the record indicating that the trial court personally addressed the defendant and determined that the guilty plea was entered voluntarily. We stated:
"In Boykin, the court said the affirmative showing must be made, but the court did not say that the showing must be made by the transcript and certificate of the court reporter. There is no rule of law that requires or even suggests that it must be presumed that the trial judge, the defendant, the defendant's attorney, or the judgment entry do not speak the truth. . . . The presumption that the judgment speaks the truth must prevail under the rule quoted above from Honeycutt [v. State, 47 Ala.App. 640[, 641], 259 So.2d 846[, 847] (1972) (stating `[i]t is well settled that the recitals in the judgment import absolute verity, unless contradicted by other portions of the record')]."
293 Ala. at 82, 300 So.2d at 131. Therefore, Twyman establishes that an appellate record is sufficient if it reflects that the trial court determined that a defendant voluntarily entered his guilty plea either by a transcript of the colloquy or by written documents in the record indicating that the trial court addressed the defendant to determine that the defendant entered his plea voluntarily. The holding in Twyman is the law of this State, and unless Twyman is overruled or abrogated by this Court or the United States Supreme Court or unless this Court has promulgated a rule to the contrary, the Court of Criminal Appeals is bound by it. See § 12-3-16, Ala.Code 1975,[1] and Jones v. City of Huntsville, 288 Ala. 242, 244, 259 So.2d 288, 290 (1972) (observing that in light of § 12-3-16, the appellate courts are without authority to overrule the decisions of this Court).
In 1991, this Court promulgated Rule 14.4(c), Ala. R.Crim. P., which requires that "[a] verbatim record of the proceedings at which the defendant enters a plea of guilty to a felony shall be made." Therefore, with regard to a plea of guilty to a felony offense, the rule set forth in Twyman has been superseded by Rule 14.4, Ala. R.Crim. P. Rule 14.4, however, does not require a verbatim record of the proceedings at which a defendant enters a plea of guilty to a misdemeanor for which the defendant will be punished by a sentence of imprisonment. Therefore, the rule set forth in Twyman applies in such cases, and in such cases the requirements of Boykin will be satisfied by either a transcript of the colloquy or an affirmative showing through written documents that the trial court addressed the defendant and determined the voluntariness of the plea. The Court of Criminal Appeals is bound to apply the holding in Twyman when evaluating appeals from guilty-plea convictions for misdemeanors.
In this case, Fleming pleaded guilty to two misdemeanors. As the Court of Criminal Appeals correctly noted, because Fleming was convicted of misdemeanors for which he was sentenced to a term of imprisonment, the trial court was required to address Fleming to determine the voluntariness of his pleas. Fleming, 972 So.2d at 834. The Court of Criminal *838 Appeals held that, because the record did not contain a transcript of the colloquy, Fleming's convictions must be reversed. The decision of the Court of Criminal Appeals rested upon the reasoning set forth in its decision in Verzone. The defendant in Verzone pleaded guilty to third-degree robbery, a Class C felony. See § 13A-8-43, Ala.Code 1975. Therefore, the facts in Verzone are distinguishable from the facts in this case, and Verzone is inapplicable here.[2]
In accordance with Twyman, the record in this case is sufficient if it contains either a transcript of the colloquy or an affirmative entry or documents in the record showing that the trial court personally addressed Fleming and determined that Fleming entered the guilty pleas voluntarily. Therefore, to the extent that the Court of Criminal Appeals held otherwise, it erred.
A review of the record, however, establishes that although the Court of Criminal Appeals erred in holding that reversal of the trial court's judgment was required because the record did not contain a transcript of the colloquy, the reversal of the trial court's judgment is nonetheless proper. The record does not affirmatively establish that the trial court addressed Fleming and determined that Fleming entered his guilty pleas voluntarily. See Boykin, 395 U.S. at 244, 89 S.Ct. 1709 (holding that "there was reversible error `because the record does not disclose that the defendant voluntarily and understandingly entered his pleas of guilty'" (quoting Boykin v. State, 281 Ala. 659, 663, 207 So.2d 412, 415 (Ala.1968))). Although the record does contain "Explanation of Rights and Plea of Guilty" forms for the two misdemeanors, which are signed by Fleming, the forms are not signed by the trial court. Therefore, these forms do not establish that the trial court personally addressed Fleming. Additionally, neither the sentencing order nor the entries on the case-action summary indicate that the trial court addressed Fleming and determined that Fleming entered his pleas voluntarily. Therefore, the record does not satisfy the requirements of Boykin and Twyman and is not sufficient to permit appellate review.
Fleming appealed the trial court's denial of his motion to withdraw his guilty pleas, which was based on his allegation that he did not voluntarily enter his pleas. Although the record need not contain a transcript of the colloquy to establish that Fleming entered his pleas voluntarily, to permit appellate review the record must establish affirmatively that the trial court addressed Fleming and determined that Fleming entered his pleas voluntarily and not as a result of "force, threats, or coercion." The record before us does not so affirmatively establish; therefore, the Court of Criminal Appeals' reversal of the judgment of the trial court is correct.
The judgment of the Court of Criminal Appeals is affirmed.
AFFIRMED.
SEE, WOODALL, SMITH, BOLIN, PARKER, and MURDOCK, JJ., concur.
LYONS, J., concurs in part and concurs in the result.
COBB, C.J., recuses herself.
LYONS, Justice (concurring in part and concurring in the result).
I concur in all aspects of the main opinion except note 2, as to which I express no opinion.
NOTES
[1] "The decisions of the Supreme Court shall govern the holdings and decisions of the courts of appeals, and the decisions and proceedings of such courts of appeals shall be subject to the general superintendence and control of the Supreme Court as provided by Constitutional Amendment No. 328 [now § 139 et seq., Ala. Const. 1901 (Off.Recomp.)]."
[2] Because the State did not ask this Court to overrule Verzone or to address the propriety of the holding in Verzone, that determination must await another day.