WINDOM, Judge.
 

 Roy Lavorn Clark appeals his conviction for first-degree theft of property, a violation of § 13A-8-3, Ala.Code 1975, and his resulting sentence of five years in prison. Pursuant to a negotiated agreement, Clark stipulated that the State could prove a prima facie case of first-degree theft of property against him. Specifically, Clark
 
 *253
 
 stipulated that the State could prove that he stole athletic jerseys valued at $22,000.
 

 In exchange for Clark’s stipulation, the State agreed that Clark would be placed on “good behavior” status for 18 months and that the following terms applied: 1) if Clark paid $22,000 in restitution within the 18-month “good behavior” period, the State would dismiss the charge against him; 2) if Clark paid less than $22,000 but more than $11,000, he would be convicted of and sentenced for third-degree theft of property, a violation of § 13A-8-5, Ala. Code 1975; and 3) if Clark failed to pay at least $11,000, he would be convicted of and sentenced for first-degree theft of property, a violation of § 13A-8-3, Ala.Code 1975.
 

 In compliance with the agreement, the circuit court abstained from formally adjudicating Clark guilty, and Clark was given 18 months in which to pay restitution to the victim in the amount of $22,000. After Clark failed to pay at least $11,000 during his 18-month “good behavior” period, the circuit court adjudicated him guilty of first-degree theft of property based upon his earlier stipulation. The circuit court also sentenced Clark to serve five years in prison and ordered him to pay $22,000 in restitution.
 

 On appeal, Clark argues that the circuit court’s adjudication of guilt must be reversed because the record does not reflect that his decision to stipulate to a prima facie case of first-degree theft of property and his agreement to be adjudicated guilty upon noncompliance with the “good behavior” agreement was made knowingly and voluntarily. Specifically, Clark contends that, although he did not enter a formal guilty plea, his stipulation to the State’s ability to prove a prima facie case was in essence a guilty plea; therefore, the circuit court’s failure to comply with the requirements set forth in
 
 Boykin v. Alabama,
 
 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and Rule 14.4, Ala.R.Crim. P., invalidates his stipulation and requires that his conviction be reversed. We agree.
 

 Clark’s stipulation that the State could prove a prima facie case of first-degree theft of property against him and his agreement to be adjudged guilty and sentenced if he failed to comply with the terms of the “good behavior” agreement was the functional equivalent of a guilty plea. “ ‘A plea of guilty is more than a voluntary confession made in open court. It also serves as a stipulation that no proof by the prosecution need b[e] advanced .... It supplies both evidence and verdict, ending controversy.’ ”
 
 Boykin,
 
 395 U.S. at 243 n. 4, 89 S.Ct. 1709 (quoting
 
 Woodard v. State,
 
 42 Ala.App. 552, 171 So.2d 462, 469 (1965)).
 
 See also Dingier v. State,
 
 408 So.2d 530, 531 (Ala.1981) (same).
 

 In the case at hand, Clark entered into a “good behavior” stipulation that the State could prove a prima facie case of guilt. When Clark failed to comply with the terms of the agreement, he was adjudicated guilty based on his stipulation. During a hearing on Clark’s motion for a new trial, the prosecutor described a “good behavior” stipulation in Mobile County as follows: “[Wjhen stipulating on a good behavior, if you violate the agreement you’ve entered into ..., it’s as if you’ve been found guilty and [the court simply] impose[s] sentence.” (R. 10.) The circuit court agreed with the prosecutor’s description.
 
 Id.
 
 Thus, when Clark failed to comply with the terms of the “good behavior” agreement, his stipulation was “itself a conviction [and] nothing remain[ed] but to give judgment and determine punishment.”
 
 Boykin v. Alabama,
 
 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)(eiting
 
 Kercheval v. United States,
 
 274 U.S. 220, 223, 47 S.Ct. 582, 71 L.Ed.
 
 *254
 
 1009 (1927)).
 
 See also Ex parte Howard,
 
 710 So.2d 460, 465 (Ala.1997) (same);
 
 see also State v. Alien,
 
 220 Ariz. 430, 207 P.3d 683, 687 (Ct.App.2008) (holding that a defendant’s stipulation to the facts establishing guilt was the functional equivalent
 
 of
 
 guilty plea).
 
 But cf. Perkins v. State,
 
 808 So.2d 1041, 1098 (Ala.Crim.App.1999), overruled on other grounds,
 
 Perkins v. Alabama,
 
 586 U.S. 953, 122 S.Ct. 2653, 153 L.Ed.2d 830 (2002) (holding that a defendant’s strategic stipulation to certain facts of the crime was not the functional equivalent of a guilty plea where the defendant’s stipulation did not establish guilt). Because Clark was adjudicated guilty based solely on his stipulation, his stipulation was the functional equivalent of a guilty plea.
 

 Accordingly, the standards applicable to guilty pleas apply to Clark’s stipulation. “[D]ue process requires that [a guilty] plea be a voluntary, knowing, and intelligent act ‘done with sufficient awareness of the relevant circumstances and likely consequences.’ ”
 
 Smith v. State,
 
 494 So.2d 182, 182 (Ala.Crim.App.1986) (quoting
 
 Brady v. United States,
 
 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)). “In
 
 Boykin v. Alabama,
 
 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the United States Supreme Court held that before a trial court can accept a defendant’s plea of guilty, the trial court must determine that the defendant is entering the plea voluntarily.”
 
 Fleming v. State,
 
 972 So.2d 835, 836 (Ala.2007). In order to ensure that a defendant’s plea is entered knowingly and voluntarily, Rule 14.4, Ala.R.Crim. P., requires a circuit court to “ ‘ “conduct a colloquy with the defendant before accepting a guilty plea [to ensure] that a criminal defendant is adequately advised of his rights so that he may make a voluntary and intelligent decision to enter such a plea.” ’ ”
 
 Brooks v. State,
 
 854 So.2d 643, 645 (Ala.Crim.App.2003) (quoting
 
 Jones v. State,
 
 727 So.2d 889, 891 (Ala.Crim.App.1998), quoting in turn,
 
 Heard v. State,
 
 687 So.2d 212, 213 (Ala.Crim.App.1996)). Pursuant to Rule 14.4(a), Ala. R.Crim. P., the circuit court must personally address the defendant and inform him of and detei-mine that he understands the following:
 

 “(i) The nature of the charge and the material elements of the offense to which the plea is offered;
 

 “(ii) The mandatory minimum penalty, if any, and the maximum possible penalty provided by law, including any enhanced sentencing provisions;
 

 “(iii) If applicable, the fact that the sentence may run consecutively to or concurrently with another sentence or sentences;
 

 “(iv) The fact that the defendant has the right to plead not guilty, not guilty by reason of mental disease or defect, or both not guilty and not guilty by reason of mental disease or defect, and to persist in such a plea if it has already been made, or to plead guilty;
 

 “(v) The fact that the defendant has the right to remain silent and may not be compelled to testify or give evidence against himself or herself, but has the right, if the defendant wishes to do so, to testify on his or her own behalf;
 

 “(vi) The fact that, by entering a plea of guilty, the defendant waives the right to trial by jury, the right to confront witnesses against him or her, the right to cross-examine witnesses or have them cross-examined in the defendant’s presence, the right to testify and present evidence and witnesses on the defendant’s own behalf, and the right to have the aid of compulsory process in securing the attendance of witnesses;
 

 “(vii) The fact that, if the plea of guilty is accepted by the court, there will not be a further trial on the issue of the defendant’s guilt; and
 

 
 *255
 
 “(viii) The fact that there is no right to appeal unless the defendant has, before entering the plea of guilty, expressly reserved the right to appeal with respect to a particular issue or issues, in which event appellate review shall be limited to a determination of the issue or issues so reserved.”
 

 Here, the circuit court failed to employ the safeguards required by Rule 14.4, Ala. R.Crim. P., and
 
 Boykin
 
 before accepting Clark’s stipulation of guilt. (R. 3-4.) Indeed, there is no indication in the record that Clark understood and voluntarily waived any of his constitutionally protected rights when he entered the “good behavior” stipulation.
 
 See Fleming v. State,
 
 972 So.2d at 836 (holding that the record must establish that a defendant’s guilty plea was knowingly and voluntarily made and that the circuit court complied with Rule 14.4, Ala. R.Crim. P.).
 

 Because this court cannot presume a valid waiver of an appellant’s constitutional rights whei'e the record is silent,
 
 Adair v. State,
 
 53 Ala.App. 251, 298 So.2d 671, 674 (Crim.App.1974), and because the record fails to establish that Clark knowingly and voluntarily stipulated to his guilt, the circuit court erred in accepting Clark’s stipulation and adjudicating him guilty.
 
 See Boykin,
 
 395 U.S. at 243, 89 S.Ct. 1709. Accordingly, the circuit court’s judgment is reversed, and this cause is remanded to the circuit court for that court to set aside Clark’s conviction.
 

 REVERSED AND REMANDED.
 

 WISE, P.J., and WELCH, KELLUM, and MAIN, JJ., concur.