MOORE, Chief Justice
(dissenting).
Because I believe the petitioner, Jackie Burton, was entitled to withdraw his guilty plea, I dissent from quashing the writ of certiorari previously issued by this Court.
Charged with reckless murder for a fatality resulting from an automobile accident, Burton, who was driving under the influence, pleaded guilty to reckless manslaughter, a Class B felony with a sentencing range of 2 to 20 years. When the judge sentenced him to 20 years’ imprisonment, Burton wrote the court a letter that stated: “I believe I wasn’t given a fair trial because there was certain things that wasn’t brought up in my behalf.... I feel I need to appeal my sente[n]cing and I need another court-appointed lawyer.” Burton did not file a direct appeal but subsequently filed a Rule 32, Ala. R.Crim. P., petition challenging his guilty-plea conviction. The trial court denied Burton’s Rule 32 petition, and he appealed that denial to the Court of Criminal Appeals.
The letter Burton wrote the court, as the judge presiding at Burton’s Rule 32 hearing on remand noted,[1] merely requested counsel to appeal. Having pleaded guilty without reserving any issues for appeal, however, Burton had forfeited his right to appeal. See Rule 14.4(a)(1)(viii), Ala. R.Crim. P. Faced with this conundrum, the original sentencing judge decided to treat Burton’s letter as a motion to withdraw his guilty plea, thus avoiding having to tell him he had no right to appeal.[2] That decision, accompanied by a summary order denying the withdrawal motion, set in motion the train of events underlying this petition.
In 2013, six years after the denial of his motion to withdraw his guilty plea and after the original sentencing judge had left office, Burton, represented by counsel, filed a Rule 32 petition seeking relief from his conviction and sentence based on the lack of counsel during the “critical stage” of the court’s consideration of his motion to withdraw his guilty plea. An accused is entitled to counsel at “critical stages” of a proceeding, United States v. Wade, 388 U.S. 218, 227, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), and the withdrawal of a guilty plea is such a stage. The presence of counsel or a valid waiver of the right to counsel in proceedings involving a motion to withdraw a guilty plea is a constitutional requirement. Berry v. State, 630 So.2d 127 (Ala.Crim.App.1993). The absence of either counsel or a waiver of the right to counsel invalidates the proceedings on the motion to withdraw and is a jurisdictional error that may be raised at any time. See Frost v. State, 141 So.3d 1103, 1106 (Ala.Crim.App.2012); Ex parte Pritchett, 117 So.3d 356 (Ala.2012).
On Burton’s appeal from the denial of his Rule 32 petition, the Court of Criminal Appeals, by order, remanded the case for a hearing on the absence-of-counsel issue. On remand, the trial, judge vacated the order denying Burton’s motion to withdraw his guilty plea and held a new hearing on the issue of the withdrawal of his guilty plea; at that hearing Burton was represented by counsel. The trial court denied Burton’s motion to withdraw his *1009 guilty plea, and the Court of Criminal Appeals, by unpublished memorandum, affirmed its denial on return to remand. Burton v. State (CR-12-1807, Sept. 26, 2014), — So.3d — (Ala.Crim.App.2014) (table). This Court granted Burton’s petition for a writ of certiorari to determine whether the absence of a transcript of the original guilty-plea hearing requires reversal. Verzone v. State, 841 So.2d 312 (Ala.Crim.App.2002). The issues before this Court, therefore, relate to whether error occurred in the original guilty-plea hearing that would require vacating Burton’s guilty plea and allowing him to enter another plea or go to trial.

The Hearing on Remand

Before accepting a guilty plea, the .court must engage in a colloquy to make sure that the defendant understands certain facts. Rule 14.4(a), Ala. R.Crim. P. At the hearing on remand, counsel for Burton asked him about the colloquy that occurred when Burton entered his guilty plea:
“Q. When you pled guilty — let’s go over Rule 14.4, once you pled.guilty to manslaughter, did Judge Petelos- [tell] you what you pled guilty — you were pleading to manslaughter?
“A. Yes, ma’am.
[[Image here]]
“Q. Did Judge Petelos [tell] you the elements that the State would have to prove?
“A. Yes, ma’am.
“Q. Did she tell you the minimum and the maximum of the sentence?
“A. Yes, ma’am.
_“Q. Did she tell you that you had the right to plead not guilty?
“A. Yes, ma’am.
“Q. Did she tell you that if you plead guilty, there would be no jury trial?
“A. Yes, ma’am.
“Q. Did she tell you that if you plead guilty, you have no right to appeal unless you reserve the right — you reserve some issue?
“A. No, ma’am, she never did say that.
[[Image here]]
“Q. When you were sentenced, did Judge Petelos ask you if you had anything to say on your behalf?
“A. On my behalf, no, ma’am.
“Q. What did she say?
“A. If I had anything to say to the family.
“Q. To the victim?
“A. To the victim’s family.”
(Emphasis added.)
The first four questions, to which Burton responded affirmatively, correspond to Ruje 14.4(a)(1)(i), (ii), (iv), and (vi), Ala. R.Crim. P. The fifth question corresponds to Rule 14.4(a)(1)(viii). Burton answered that he was not informed that he would have no right to appeal unless he reserved a particular issue for appeal. That Burton wrote to Judge Petelos requesting to appeal his sentence is evidence indicating that he was not aware of this consequence of his plea. Finally, Burton indicated that he was not given the opportunity personally to address the court on his behalf before sentencing. Rule 26.9(b), Ala. R.Crim. P., states: “In pronouncing sentence, the court shall: (1) Afford the defendant an opportunity to make a statement in his or her own behalf before imposing sentence.”
Burton’s attorney argued to the trial court, in part, as follows:
“Rule 14.4 is very clear. It says that the Court shall not accept a guilty plea unless certain things are done. It’s not that the court ‘should’ or ‘would.’ It’s the court ‘shall,’ and we itemized certain things, and Judge Petelos should have told my client that if he pled guilty, then there would be no right to appeal unless *1010 he reserved some certain issue for appeal. It was never explained - that to him.
“Also, at the sentencing part, which is Rule 26.9, it says,- ‘The court shall — ’ not should or would ‘ — also afford the defendant an. opportunity to make a statement, in ,his or her own behalf,’ which never did also. So, Judge, I’m asking that my , client be allowed to withdraw his guilty plea — ”
In denying Burton’s motion to withdraw his guilty plea, the trial court on remand relied on two documents Burton had signed: A statement of satisfaction with his attorney’s services and an explanation-of-rights form. The court stated: “I think these documents are conclusive that the plea agreement reached in this case was voluntarily and knowingly, so that the motion' to withdraw' the guilty plea is denied.”[3]

On Return to Remand

In his brief to the Court of Criminal Appeals on return to remand, Burton stated: “The judgment of the Court is due to be reversed since the Court did not comply with Rule 14.4 and Rule 26.9.” In particular, “[t]he Court did not comply with Rule 14.4(a)[ (1) ](viii)”.in that the original sentencing judge did not explain the loss of the right to appeal or with Rule 26.9 in that. Burton was not afforded an opportunity to make.a statement. In its-unpublished-memorandum on return to remand, the Court of Criminal Appeals did not address the Rule 14.4(a)(1)(viii) issue. Referring to Burton’s testimony in the hearing on 'remand, the Court of Criminal Appeals incorrectly said: “He also stated that he: was informed by the judge of all of his rights under Rule 14.4..,..” Neither did the Court of. Criminal Appeals address the Rule 26.9 right of allocution. -
Burton’s “Additional Statement of Facts” in his application for rehearing on return to remand in the Court of Criminal Appeals included the transcript portions of his testimony quoted above. Burton specifically quoted the sections that reflected his testimony about the lack of a colloquy explaining the loss of his right to appeal and the lack of an opportunity to address the court on his behalf before sentencing. In his petition for a writ of certiorari to this Court, Burton included a verified and verbatim copy of that “Additional Statement of Facts.” Thus, Burton’s trial court testimony on remand on the right to appeal (Rule 14.4(a)(1) (viii)) and the right to an allocution (Rule 26.9(b)) was properly before us when we granted certiorari review on the transcript issue. ' Rule 39(d)(5), Ala. R.Ápp. P. In his petition for a' writ of certiorari, Burton argued that a transcript of the original guilty-plea hearing was especially necessary bécause the original sentencing judge “did not comply with Rule’ 14.4, or allow [Burton] to speak' on his own behalf pursuant -to Rule 26.9(b).”

Before this Court

After we issued the writ, Burton waived an opening brief, Rule 39(g)(1), Ala. R.App. P., and then replied to the State’s brief. In its brief, the State argued that Verzone v. State, supra, should be overruled because it stated an apparent “bright line rule of automatic reversal when there is no reporter’s transcript.” State’s brief, at 27. In his reply brief, Burton argued that he had not contended at trial or on appeal for automatic reversal when the transcript of the guilty-plea hearing was unavailable. Instead, he had argued that *1011 review of his allegations that he was not told about the loss of his right to appeal and that he was not permitted to make a statement on his own behalf could not occur without a transcript of the guilty-plea colloquy. Verzone, he explained, held that the absence of the transcript required reversal only when the transcript was necessary for the appellate court to review the identified error. This reading of Verzone is correct. In Verzone the Court of Criminal Appeals reversed the trial court’s judgment because it could not “adequately review the appellant’s arguments without a transcript of the guilty plea colloquy.” 841 So.2d at 314 n. 1. The Court of Criminal Appeals further stated: “Without a transcript of the guilty plea colloquy, if the trial court conducted one, we cannot determine whether the appellant preserved any of these arguments.,” Id. at 314 (footnote omitted).
The State argues that Burton first raised the issue of the absence of a transcript in his brief on return to remand and did not cite Verzone until he filed his application for rehearing on return to remand. Thus, the State says,' his argument on this point was untimely. However, Burton testified in the hearing on remand that he had not been told in his guilty-plea hearing that he would forfeit his right to appeal nor was he allowed a right of allocution. His attorney argued that these failings entitled him to a reversal of his conviction and an opportunity to reenter a plea or go to trial. Although the Court of -Criminal Appeals did not address these issues on return to remand, they were argued and preserved and are properly before us. Review of these issues necessarily implicates Verzone if their validity cannot be determined without the transcript of the original guilty-pléa hearing.
As Burton states in his reply brief: “[T]he State fails to recognize that Burton raised underlying claims which could only be reviewed with a transcript.” Burton’s reply brief, at 13 (emphasis added). “Thus, in Verzone it was the errors complained of by the appellant coupled with the lack of a transcript with which to review said errors that prompted the appellate court to reverse the conviction.” Id. at 12 (emphasis added). Because the errors at issue are those relating to the failure of the colloquy, the need of the transcript is derivative of those errors and not itself an independent basis for reversal that had to be raised in the trial court:

Conclusion

Burton’s actual claims of error have been preserved. A correct reading of Ver-zone requires not automatic reversal, but instead a fact-specific inquiry as to whether the claimed errors can be reviewed without a transcript. The Court of Criminal Appeals never addressed the two-specific claims of error Burton raised; it merely affirmed the trial court’s judgment that, even though the harsh sentence was unexpected, Burton’s guilty plea was knowing and voluntary. I would reverse the judgment of the Court of Criminal Appeals and remand for that court to determine whether Burton’s two specific preserved claims of error left unaddressed by that court are reviewable without a transcript. If not, pursuant to Verzone, .Burton should be allowed to withdraw his guilty plea.
Accordingly, I dissent from quashing the writ of certiorari.

. The Court of Criminal Appeals remanded the case by order for the trial court to conduct a hearing to address Burton's allegation that he was entitled to counsel on his motion to withdraw his guilty plea, discussed infra.

. An appeal does lie from the denial of a motion to withdraw a guilty plea. Rule 26.9(b)(4), Ala. R.Crim. P.

. That the forms manifest assent is not sufficient. The trial court must conduct “a personal colloquy” with the defendant to assure that the defendant understands each item in the form. Rule 14.4(d), Ala. R.Crim. P,