MURDOCK, Justice
(dissenting).
Because I believe that the , Court of Criminal Appeals reached the correct result and that this Court should not reverse that court’s decision, I respectfully dissent.
Rule 27.6(c), Ala. R,Crim. P., is not particularly complicated or involved. It states:
“(c) Admissions by the Probationer. Before accepting an admission by a probationer that the probationer has violated a condition or regulation of probation or an instruction issued by the probation officer, the court shall address the probationer personally and shall determine that the probationer understands the following: ■ -
“(l).The nature, of the violation to which an admission is offered;
“(2) The right under section (b), to be represented by-counsel;
“(3) The right to testify and to present witnesses and other evidence on probationer’s own behalf and to cross-examine adverse witnesses under subsection (d)(1); and
“(4) That, if the alleged violation involves a criminal offense for which the probationer has not yet been tried, the probationer may still be tried for that offense, and although the probationer may not be required to testify, that any statement made by the probationer at the present proceeding may be used against the probationer at a subsequent proceeding or trial.
“The court shall also determine that the .probationer waives these rights, that the admission is voluntary and not the result of force, threats, coercion, or promises, and that there is a factual basis for the admission.”
As the main opinion indicates, all the requirements prescribed in Rule 27.6(c), Ala. R.Crim. P.,,,must be met before a court can accept an admission by a probationer that he or she has violated a condition of his or her probation. Meeting these-requirements should, in most cases, be simple arid straightforward. ' As the Court of Criminal Appeals concluded, however, the record in this case clearly reveals that all these requirements were not met in this case.
I have one overarching concern: I do not believe that the trial court complied with the plain meaning of the requirement *525 stated in Rule 27.6(c) that “the court shall address the probationer personally and shall determine that the probationer understands” certain prescribed rights. In this case, the trial court addressed all of its questions to Wagner’s, counsel. Wagner’s counsel answered all of the trial court’s questions. Wagner’s appellate brief notes that “Wagner never spoke” during the. hearing. I cannot conclude that a court’s posing questions to, and accepting answers from, counsel constitutes “addressing] the probationer,” much less “addressing] the probationer personally” as required by Rule 27.6(c). This is not the manner by which the rule requires the trial court to “determine that the probationer understands” the matters at issue.
By way of analogy,' the operative language of Rule 14.4, Ala. R.Crim. P., concerning the trial court’s acceptance of guilty pleas, is in all material respects identical to the language in Rule 27.6(c). Rule 14.4(a) provides that the court shall not' accept a plea of guilty without first “addressing the defendant personally.” This language has been construed in accordance with its plain meaning as requiring that the trial court question the defendant personally. ■ See Fleming v. State, 972 So.2d 836, 836 (Ala.2007) (noting that Rule 14.4(a) states that the trial court must, in the Court’s words, “personally address a defendant who is pleading guilty”). In Brewster v. State, 624 So.2d 217, 220 (Ala.Crim.App.1993), the Court of Criminal Appeals reversed a guilty-plea conviction where the defendant had -signed written forms pursuant to Rule 14.4(d) purportedly waiving his rights and pleading guilty but the trial court had failed to comply with Rule 14.4(d). The court explained that that rule specifically retains the requirement of Rule 14.4(a) that the court must “personally address the defendant.” See also Bozeman v. State, 686 So.2d 556, 558 n. 1 (Ala.Crim.App.1996) (noting that if a trial court uses forms to comply with Rule 14.4, it must “ ‘specifically question[ ] the. defendant on the record as to each item in the form. Committee Comments, Rule 14.4.(a).’” (quoting Alford v. State, 651 So.2d 1109, 1112 (Ala.Crim.App.1994))).
The final sentence of Rule 27.6(c) specifically requires the court to “determine that the probationer waives” the rights prescribed in the rule and that the probation- . er’s admission is “voluntary,” that it is not the result of “force, threats, coercion, or promises,” and that there, is “a factual basis for the admission.” Again, these requirements were not met in the present case by the trial court’s’ conducting the colloquy with Wagner’s counsel rather than with Wagner himself.
In addition to the fact that the trial court’s statements and inquiries .were not actually addressed to “the probationer personally,” the trial court omitted certain matters specifically enumerated in Rule 27.6(c). Among other things, the obligation of the court.under Rule 27.6(c)(3) to inform Wagner of his right to “cross-examine adverse witnesses” was not satisfied in this case. The court’s question to Wagner’s counsel as to whether he had “any evidence -to offer as to why the court should not revoke his probation” does not suffice. Simply asking whether a probationer wants to introduce any evidence is not the same as advising the probationer that-he or she has. the right to “cross-examine adverse witnesses” offered by the State.
Based on the foregoing and on my agreement with the rationale set out in the main opinion of the Court .of Criminal Appeals, I respectfully dissent.
MOORE, C.J., concurs.